487 P.2d 430

**Lloyd M. LOCKHART, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,
Employees Distributing Company,
Respondent Employer,
State Compensation Fund, Respond-
ent Carrier.**

**No. 1 CA–IC 520.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 29, 1971.

Rehearing Denied Sept. 30, 1971.

Review Denied Oct. 27, 1971.

Charles Wilmer, Phoenix, for petitioner.

William C. Wahl, Chief Counsel, The
Industrial Commission of Arizona, Phoenix,
for respondent.

Robert K. Park, Chief Counsel, State
Compensation Fund by Harlan J. Cross-
man, Phoenix, for respondent carrier.

JACOBSON, Presiding Judge.

In this appeal by writ of certiorari from
an award of the Industrial Commission, we
are primarily asked to determine whether
an industrial injury occurring in a sister
state may properly be the subject matter of
a petition to reopen.[1]

In February, 1964, petitioner, Lloyd M.
Lockhart, was employed by respondent
Employees Distributing Company (Bashas
Market) in their meat department where
he sustained an industrial injury to his
back as the result of lifting a box of meat.
This claim was accepted by the Industrial
Commission for medical treatment and
compensation. In September, 1964, a con-
sultation examination came to the conclu-
sion that petitioner "would appear to have

1. The petition to reopen being filed on
September 18, 1969, this case is deter-
mined under the law in effect subsequent
to January 1, 1969.

sustained a herniated nucleous pulposus of the lowermost lumbar disc * * *." The consultation group was at that time of the opinion that petitioner's condition was stationary and that he needed no further treatment although he still suffered from both subjective and physical complaints. The report concluded by saying "[s]hould he have subjective or objective difficulty of a similar nature in the future, the consultants feel that consideration should be given to this patient for reopening of his case."

Based upon the consultation report, petitioner's claim was closed by an award finding no permanent impairment. It is this award that petitioner now seeks to reopen.

Following the closing of this claim in 1964, petitioner moved to California and went to work as a foreman in a meat company in that state. He continued to experience pain which resulted in his seeking chiropractic help in California.

In September, 1966, while petitioner was working for the meat company he slipped causing an injury to his knee and placing a strain on his previously weakened back. Petitioner described the accident in California as follows:

"I was pulling a meat cart and walking backwards, which is one way of transporting these carts. They'll weigh approximately three to four hundred pounds and are made of steel. There are several boxes on it at the time. The floor became very slick after a day's work. I was grasped up to about shoulder height on the cart, and I slipped backwards on some slick spot on the floor. The leg went under me and I went down, but I did not hit the floor, this is when I strained this back, and it was proven later of course, the knee."

As the result of this accident, which resulted in surgery to his knee, medical benefits and compensation were paid to petitioner under the California industrial compensation laws.

Thereafter, in July, 1967, back surgery was performed on the petitioner, in California, fusing his spine at the L4, L5 level. This surgery resulted in a finding by the California Workmen's Compensation Appeal Board that petitioner suffered a 25% disability, 12¼% being attributable to the California industrial accident, and the remainder to the original Arizona industrial accident of 1964. In 1968, petitioner was again re-injured while working in Arizona. The award finding that petitioner suffered no functional disability as a result of this injury is not before us.

The medical testimony generally concedes that petitioner presently suffers from a physical impairment in his ability to move laterally and is restricted in bending forward. Also the medical experts generally agree that this restriction in movement is the result of the spinal surgery in California. Moreover, they also generally agree that the spinal surgery was necessary because of the herniated disc caused by the 1964 Arizona injury, but conceded that the California injury of September, 1966, was the "triggering mechanism" working on the herniated disc which necessitated the California surgery to the petitioner's back. The Industrial Commission based upon this factual showing denied petitioner's petition to reopen. Under the circumstances here presented we disagree.

A.R.S. § 23–1061, subsec. H provides as follows:

"An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition. * * *"

■ It is generally recognized that a change in condition justifying reopening may result from an aggravation of a compensable condition. 3A Larson, The Law of Workmen's Compensation § 81.31, at

329–332 (1971). However, as also pointed out in *Larson*, "[w]hen it is said that change in condition includes aggravation of the first injury, this must be understood to include aggravation only under circumstances that would not amount to a new compensable injury." *Larson, supra,* § 81.-31, at 333.

Under normal circumstances in Arizona, no harm can befall the injured workman by application of this rule. This is for the reason that if the aggravation is caused by circumstances that would amount to a new compensable injury, a new claim could be filed and his then employer would be liable for *all* disabilities flowing from that aggravation. This result flows from application of the rule that an employer takes the employee as he is, and that a second injury, when operating on an existing bodily condition or predisposition, produces a further disability, that disability is "caused" by the second injury. Continental Casualty Co. v. Industrial Commission, 104 Ariz. 499, 455 P.2d 977 (1969).

However, where the aggravation amounting to a new compensable injury occurs in a state such as California, where apportionment of liability between the original and subsequent employer is required by statute, the application of the above-cited aggravation rule can result in the injured workman not being fully compensated for his resulting total injuries.

It has long been the policy in Arizona that an injured workman is entitled to reopen his claim upon a showing that his condition has changed since the original award due to an aggravation of that original injury. Russell v. Bald Eagle Mining Co., 44 Ariz. 105, 33 P.2d 616 (1934). To extend the new-claim-aggravation rule to injuries occurring in other jurisdictions, whose laws both substantive and procedural may be different from those of Arizona, would thwart this policy.

The medical evidence being clear that petitioner's present condition has worsened since the original award and this worsened condition is in part related to his prior industrial injury, the petition to reopen should have been granted.

Award set aside.

HAIRE and EUBANK, JJ., concur.