574 P.2d 1311

**LUMBERMEN'S MUTUAL CASUALTY CO. (c/o Kemper Insurance), and Chesapeake Industries (Hol-O-Met Manufacturing Co.), Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Juan Gonzalez, Respondent Employee,**

**Liberty Mutual Insurance Co., Respondent Carrier.**

**No. 1 CA–IC 1652.**

Court of Appeals of Arizona,
Division 1,
Department C.

Nov. 30, 1977.

Rehearing Denied Jan. 13, 1978.

Review Denied Feb. 15, 1978.

Jennings, Strouss & Salmon by Steven C. Lester, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Gorey, Delaney & Flood by John A. Flood, Stephen S. Gorey, Phoenix, for respondent Employee.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by Lawrence H. Lieberman, Phoenix, for respondent Carrier.

OPINION

SCHROEDER, Judge.

This is a dispute between two workmen's compensation carriers concerning responsibility for compensation benefits awarded the respondent employee following an industrial incident which occurred November 5, 1975. Petitioner, Lumbermen's Mutual Casualty Co. (Lumbermen's), was the carri-

er for the employer at the time of that incident. Respondent, Liberty Mutual Insurance Company (Liberty Mutual), was the carrier for the employer at the time of a prior industrial injury which occurred in 1972. The award of the Industrial Commission, based upon a finding that the employee suffered a new injury in 1975, placed responsibility for subsequent compensation upon Lumbermen's.

In this special action, Lumbermen's first contends that the hearing officer erred in concluding that the employee suffered a new injury in 1975 rather than a recurrence of the prior 1972 injury. In the alternative, Lumbermen's argues that if there were two injuries, the benefits should be apportioned between the two carriers. Since we conclude that the findings with respect to a new injury were fully supported by the record, and that apportionment is not an available remedy under the recent Supreme Court decision in *Morrison-Knudsen Co., Inc. v. Industrial Comm'n,* 115 Ariz. 492, 566 P.2d 293 (1977), we affirm the award.

At the time of both industrial episodes, the respondent employee, Mr. Juan Gonzalez, was employed by petitioner employer, Hol-O-Met. On June 20, 1972, while Hol-O-Met was insured by Liberty, he suffered an industrially related lower back injury. The injury was accepted for benefits by Liberty Mutual. Mr. Gonzalez returned to his previous work in late November, 1972, and continued working until the second incident, in November, 1975. In the intervening three-year period, he experienced some discomfort while lifting heavy objects, and received chiropratic manipulations. Although his condition was never determined to be stationary, he had a perfect work attendance record.

On November 5, 1975, Mr. Gonzales slipped off a curb at work and twisted his back. He suffered severe pain in his lower back and both legs, and underwent renewed treatment by specialists in neurosurgery and orthopedic surgery. His condition was declared stationary in April, 1976, and testimony established that his physical impairment was seven per cent of the whole man.

Gonzalez filed both a petition to reopen the 1972 injury and a new claim based on the November 5 injury. *See Cotton v. Industrial Comm'n,* 26 Ariz.App. 58, 546 P.2d 35 (1976). The principal issue litigated in the consolidated hearing was whether Gonzalez suffered a new injury in 1975, when Lumbermen's was the carrier, or whether his post November, 1975, problems were attributable to the 1972 injury so as to warrant continued coverage by Liberty Mutual.

The medical evidence was not free from ambiguity. Ronald B. Sandler, M. D., testified that the patient's complaints after the November 5, 1975, incident "were an aggravation of the 1972 incident." A consulting report, dated February 16, 1976, concluded that the patient's condition was "basically attributable" to the 1972 incident, but also pointed out that the disability appeared to have been "precipitated by [the 1975] incident." Their report related Gonzalez' disability to two separate injuries.

The hearing officer found that the incident in November, 1975, resulted in pain more severe than Gonzalez had suffered previously, that prior to that incident he had experienced three years of uninterrupted work, and that the medical treatment given after the November 5 incident was necessitated by that incident and not the 1972 incident. The hearing officer concluded that the 1975 incident constituted a new injury.

In attacking that conclusion, Lumbermen's here points out that the medical evidence showed that the 1975 accident aggravated a preexisting condition, and that the symptoms following the 1975 episode were similar to those of 1972. However, those facts do not require us to conclude that there was no new injury in 1975. As this Court stated in *Lockhart v. Industrial Comm'n,* 15 Ariz.App. 209, 210–211, 487 P.2d 430 (1971), an aggravation of a compensable condition "may" support a petition

to reopen [1] but only when such aggravation does not amount to a new compensable injury. *See also* 3 Larson, The Law of Workmen's Compensation, § 81.31, at 496–499 (1976). Moreover, as recognized in *Lockhart*

> "if the aggravation is caused by circumstances that would amount to a new compensable injury, a new claim could be filed and his then employer would be liable for *all* disabilities flowing from that aggravation. This result flows from application of the rule that the employer takes the employee as he is, and that a second injury, when operating on an existing bodily condition or predisposition, produces further disability, that disability is 'caused' by the second injury. *Continental Casualty Co. v. Industrial Comm'n,* 104 Ariz. 499, 455 P.2d 977 (1969)." *Id.* at 211, 487 P.2d at 432.

■ In line with this principal, our courts have recognized that a second industrial episode resulting in symptoms similar to those which accompanied an earlier accident, can constitute a new injury. *See e. g. Caganich v. Industrial Comm'n,* 108 Ariz. 580, 503 P.2d 801 (1972); *Aetna Casualty & Surety Co. v. Industrial Comm'n,* 17 Ariz. App. 137, 495 P.2d 1344 (1972); *Davis v. Industrial Comm'n,* 2 Ariz.App. 148, 406 P.2d 866 (1965). Accordingly, we hold that the hearing officer's determination that Mr. Gonzalez suffered a new injury in 1975 is supported by the evidence and in accord with applicable principles of law.[2]

Lumbermen's next argument is that if the 1975 incident constituted a new injury, it was superimposed upon a condition related to a prior industrial injury, and that therefore the compensation burden should be apportioned between the two carriers.

Only two Arizona cases have permitted apportionment between two carriers in similar circumstances, *Hardware Mutual Casualty Co. v. Industrial Comm'n,* 23 Ariz.App. 535, 534 P.2d 749 (1975) and *Morrison-Knudsen Co., Inc. v. Industrial Comm'n,* 27 Ariz.App. 1, 550 P.2d 648 (1976). Unfortunately for the position advanced by Lumbermen's here, our Supreme Court has vacated this Court's decision in *Morrison-Knudsen* in an opinion which, in our view, rejected the principle of apportioning benefits for a single disability between two carriers. *Morrison-Knudsen Co., Inc. v. Industrial Comm'n,* 115 Ariz. 492, 566 P.2d 293 (1977).

■ The Supreme Court's opinion in *Morrison-Knudsen, supra,* reaffirmed the principle that where a second injury aggravates a prior injury, the employer as of the time of the second injury takes the employee as he is. *See Tatman v. Provincial Homes,* 94 Ariz. 165, 382 P.2d 573 (1963); *Murray v. Industrial Comm'n,* 87 Ariz. 190, 349 P.2d 627 (1960). The opinion in *Morrison-Knudsen* also carefully distinguished the type of apportionment authorized by A.R.S. § 23–1044(E), relating to the effects of two separate disabilities, from the type of apportionment sought in this case. In addition, the Supreme Court decision rejected an interpretation of certain language in *Aluminum Co. of America v. Industrial Comm'n,* 61 Ariz. 520, 152 P.2d 297 (1944), as authorizing apportionment in some circumstances, and expressly overruled this Court's reliance on that concept in *Hardware Mutual, supra.*

■ The hearing officer in this case, therefore, correctly ruled that the benefits to which this employee was entitled after November 5, 1975, were the responsibility of Lumbermen's, and were not to be shared by Liberty Mutual.

The award is affirmed.

OGG, P. J., and DONOFRIO, J., concur.

---

1. See A.R.S. § 23–1061(H).

2. As pointed out in 3 *Larson, supra* at 497, the line between a reopening and a new injury is sometimes difficult to draw, particularly where lower back problems are involved. *Contrast Siqueiros v. Industrial Comm'n,* 20 Ariz.App. 104, 510 P.2d 415 (1973), in which medical evidence failed to establish that a second incident, only a few months after the first, precipitated the claimant's condition. The evidence of a new injury in this case is much stronger.