594 P.2d 1008

**CONTINENTAL CASUALTY COMPANY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Santos J. Lira, Respondent Employee,**

**Farmers Investment Company, Respondent Employer.**

**No. 1 CA–IC 1861.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 26, 1978.

Rehearing Denied Oct. 25, 1978.

Review Granted Dec. 12, 1978.

Jennings, Strouss & Salmon by Steven C. Lester, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Davis, Eppstein & Tretschok, P. C. by Robert W. Eppstein, Tucson, for respondent employee.

## OPINION

NELSON, Judge.

In this Special Action—Industrial Commission, the petitioner insurance carrier, Continental Casualty Company (Continental), asks us to determine whether the Industrial Commission acted correctly when it refused to administratively close a claim covered by Continental following a second injury to the same disc in the employee's back.

The respondent employee, Santos J. Lira (Lira), first injured his back in the course and scope of his employment with Farmers Investment Company on or about December 10, 1974[1] while Continental was the workmen's compensation insurance carrier for Farmers. The Industrial Commission awarded compensation benefits for this injury.

Lira returned to his regular employment with Farmers on February 17, 1975, and

---

1. Our review of the file indicates that the injury occurred approximately two weeks prior to December 10, 1974. However, the injury report was filed on December 10, 1974 and all subsequent documents have adopted that as the date of the injury. Therefore, for the sake of consistency, we have also adopted that date.

worked full time until May 29, 1976, when he suffered a second injury to his back at the identical disc level as the injury of 1974. At the time of the second injury, Lira was not receiving active medical care, but inasmuch as his condition had not yet been determined to be medically stationary, the claim had not been closed by Continental.

In May 1976, at the time of the second back injury, Farmers' insurance carrier was the State Compensation Fund. The Fund denied Lira's claim for a new injury and Lira filed a request for hearing to protest the denial of his claim. Continental then requested that a determination be made pursuant to A.R.S. § 23–1061(K) as to which carrier, itself or the Fund, was to be liable for compensation benefits incurred as a result of the May 29, 1976 incident.

At the close of consolidated hearings, the hearing officer issued an award finding that Lira had suffered a new injury on May 29, 1976, and that the Fund was responsible for all benefits accruing to Lira as a result of that injury. The award also, however, required Continental to keep the 1974 claim open for compensation benefits and medical benefits until Lira's condition "resulting from the industrial injury of December 10, 1974, becomes stationary". Continental filed a request for review, in which it alleged that its claim should have been closed by the hearing officer when he found that Lira suffered a new injury on May 29, 1976. The award was thereafter affirmed by the hearing officer on review, and this special action was instituted by Continental.

It is undisputed that both the 1974 and 1976 injuries were to the same portion of petitioner's back. We are thus presented with a situation almost identical to that in *Lumbermen's Mutual Casualty Co. v. Industrial Commission*, 118 Ariz. 92, 574 P.2d 1311 (App.1977), where the employee suffered two injuries to his back. At the time of both injuries, Lira was employed by Farmers. Between the time of the first and second injuries, however, the employer changed insurance carriers. Further, in *Lumbermen's Mutual*, as here, the employee's condition had not been determined to be stationary at the time of the second back injury, but he was working full time. In that case we affirmed the principle that where a second industrial episode results in symptoms similar to those which accompanied an earlier accident, the second episode can constitute a new injury. *See also Caganich v. Industrial Commission*, 108 Ariz. 580, 503 P.2d 801 (1972). We also held, based on the Arizona Supreme Court's opinion in *Morrison-Knudsen Company, Inc. v. Industrial Commission*, 115 Ariz. 492, 566 P.2d 293 (1977), that apportionment of benefits between the two carriers was not available and that the carrier at the time of the second injury was solely responsible for any benefits following the second accident.[2]

The same is true in this case. All benefits following the May 29, 1976 industrial injury must be paid by the State Compensation Fund.

It is apparent, then, that Continental's liability has legally ended. Any attempt to leave the 1974 claim open necessarily contemplates that some type of apportionment can occur. As we have already noted, however, apportionment is not available in this situation, and the Fund must bear the entire burden of any future liability. This liability can extend even to permanent disability benefits because it has been determined that the 1976 incident constituted a new injury, and not merely a temporary aggravation of the condition resulting from the 1974 incident. It matters not that the first injury may medically contribute to Lira's condition and that the condition may eventually be worse than it would have been had the second injury been the only injury, legally the second carrier is solely liable. *Morrison-Knudsen Company, Inc. v. Industrial Commission.*

Since under the facts Continental's liability has been extinguished by virtue of the second industrial injury to the same part of

---

2. The Court in *Lumbermen's Mutual* carefully drew the distinction between injuries to the same part of the body, as is the case here, and injuries to different parts of the body, which may be apportioned under A.R.S. § 23–1044(E).

Lira's back, the Industrial Commission should have administratively closed the 1974 claim.

The award is set aside.

WREN, P. J., and EUBANK, J., concur.