595 P.2d 35

**CONTINENTAL CASUALTY COMPANY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Santos J. Lira, Respondent Employee,**

**Farmers Investment Company, Respondent Employer.**

**No. 14045–PR.**

Supreme Court of Arizona, In Banc.

April 18, 1979.

Jennings, Strouss & Salmon by Steven C. Lester, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission, Phoenix, for respondent.

Davis, Eppstein & Tretschok by Robert W. Eppstein, Tucson, for respondent employee.

STRUCKMEYER, Vice Chief Justice.

This matter was commenced as a special action to review an award of the Industrial Commission. The Court of Appeals in an opinion filed September 26, 1978, set the award of the Industrial Commission aside. We granted review. Opinion of the Court of Appeals, 122 Ariz. 312, 594 P.2d 1008 (1978), vacated. Award affirmed.

The respondent employee, Santos J. Lira, was injured in an industrial accident on December 10, 1974. He sustained a lower back injury, suffering an extrusion of the L–5 S–1 disk. Medical testimony established that in October of 1975, Lira had paravertebral spasms on the left side, decrease in ankle jerk relative to the left side, and showed signs of S–1 radiculopathy. Although Lira had continuing symptoms of the disk injury and his condition had not been determined to be stationary, he returned to work. On May 29, 1976, he was thrown violently against the bed of a pickup truck and sustained a further injury of the same disk. On the 21st day of January, 1977, it was established that "both ankle jerks were depressed," thus indicating "a worsening of the disc extrusion." The evidence also established that the second accident, in May 1976, "made him [Lira] symptomatically worse" and probably brought about a further extrusion of the disk.

Lira at the time of both accidents worked for the Farmers Investment Company. When the first accident occurred, its workmen's compensation coverage was with the Continental Casualty Company. At the time of the second accident, it was with the State Compensation Fund.

After a hearing, findings were made by the hearings officer and an award was entered that the State Compensation Fund was liable. It was ordered that the Continental Casualty Company in the case of the first injury pay "[t]emporary total and/or temporary partial disability compensation benefits as provided by law from and after December 10, 1974." It was ordered that the State Compensation Fund pay for "[m]edical, surgical and hospital benefits as provided by law * * * from and after May 29, 1976" and for "[t]emporary total and/or temporary partial disability compensation benefits from and after May 29, 1976 as provided by law * * *." These orders are interpreted by the parties as meaning that compensation for the first injury was left open and would be determined in the future. The petitioner questions the right of the Commission to leave the first accident open for future possible benefits.

A resolution of this question is to be found in the proper interpretation of A.R.S. § 23–1044(E). It provides:

"In case there is a previous disability, as the loss of one eye, one hand, one foot or otherwise, the percentage of disability for a subsequent injury shall be deter-

mined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury."

This language was construed in *Morrison-Knudsen Company, Inc. v. Industrial Commission*, 115 Ariz. 492, 566 P.2d 293 (1977). There we said that multiple injuries may usually be classified in two categories. First, those in which separate disabilities such as the loss of one hand and a foot concur in causing a disability. In those cases, § 23–1044(E) requires apportionment of any loss of earnings by computing the percentage of the entire disability and deducting the percentage of the first disability as it existed at the time of the second injury. Second, in those cases where the second accident causes an aggravation of the injury suffered in the first accident there is no apportionment. The second employer is responsible for the whole of the disability, for in legal contemplation if an injury produces an effect on an existing condition, the result is caused by the last injury.

We also said in *Morrison-Knudsen* that the second injury did not fit into either of these two categories. The workman in *Morrison-Knudsen* suffered an injured foot in the first accident and later injured his back in a second. Because the injured foot resulted in a shortened leg, the disability arising from the injury to claimant's back was worse than it otherwise would have been. We said that this was neither a case of two injuries which when added together produced the sum of the disability, nor was it an aggravation of a prior injury, and that the apportionment under § 23–1044(E) "would arbitrarily impose upon the prior employer a percentage of [the claimant's] present loss of earnings when, in fact, [the claimant] had suffered no loss of earnings because of the short leg, * * *." 115 Ariz. at 495, 566 P.2d at 296. We held that the existing condition of the short leg was a remote cause and not the proximate cause of the workman's present disability.

It is the petitioner's position that this is a case of an aggravation of an existing injury, that it does not fall under A.R.S. § 23–1044(E), and that the Industrial Commission file on the first injury should therefore have been closed. It is argued that because there is an aggravation of an existing injury, the first injury is incorporated into the second injury and the employer's carrier as of the time of the second injury is responsible for the whole of the present existing disability.

It is true that Lira had a new injury and his back injury was aggravated in the broadest sense of the word. But the evidence in this case establishes that there was a physical change at the site of the former injury. The doctor testified there was "a probability" that there was a further extrusion of the disk and that there was nerve damage in both legs instead of the left leg only. This case is distinguishable from *Lumbermen's Mutual Casualty Company v. Industrial Commission*, 118 Ariz. 92, 574 P.2d 1311 (App.1977), in that there "[t]he hearing officer found that the incident in November, 1975, resulted in pain more severe than Gonzalez had suffered previously, * * *." 118 Ariz. at 93, 574 P.2d at 1312. There is no mention in the opinion of additional physical change.

The decision in *Morrison-Knudsen* was predicated on the fact that the claimant was able to hold down his job in spite of a disability. The first injury was therefore a remote cause of his loss of earnings. Here, the first injury has not been determined to be stationary. The Commission did not know, simply because no evidence was introduced relative thereto, whether Lira's condition at the time of the second accident had improved, stabilized, or worsened so that he would eventually have loss of earnings because of the original injury. The Commission recognized that ultimately it would have to determine whether the first injury resulted in a permanent disability and, if so, the percentage of that disability as it relates to Lira's total disability and

any loss of earnings resulting from a combination of the two injuries.

Award affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.