650 P.2d 508

**PROFESSIONAL FURNITURE SERVICE, Petitioner Employer,**

**The Travelers Insurance Company, State Compensation Fund, Petitioner Carriers,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Michael Martell, Respondent Employee.**

**No. 1 CA–IC 2570.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 19, 1982.

Burch & Cracchiolo, P.A., Phoenix by John F. Day and Daryl Manhart, Phoenix, for Professional Furniture Service and Travelers Ins. Co.

Robert K. Park, Chief Counsel State Compensation Fund, Phoenix by Robert F. Retzer, Jr., Phoenix, for State Compensation Fund.

Charles M. Wilmer, P.C., Phoenix by Charles M. Wilmer, Phoenix, for respondent employee.

James A. Overholt, Acting Chief Counsel, Phoenix, for respondent the Industrial Com'n of Ariz.

## OPINION

HAIRE, Judge.

This review involves decisions and awards entered by the respondent Commission relating to two different industrial injuries involving the claimant's right knee. The first injury occurred in August 1974. After intermediate closings and reopenings not pertinent to the issues in this review, the claim relating to that injury was closed in April 1979 with a scheduled 55 percent permanent partial impairment of the right leg.

Claimant re-injured his right knee on September 4, 1979, when he slipped on an oil spill and twisted his knee. At that time he had been working continuously for nine months to a year without any substantial knee problems. At the time each injury occurred, claimant was working for the same employer. However, different workmen's compensation insurance carriers were involved. Travelers Insurance Company was providing coverage at the time of the 1974 injury, and the State Compensation Fund was providing coverage at the time of the 1979 injury.

After the 1979 injury, claimant filed a claim relating to the new injury and also petitioned to reopen the 1974 injury. Travelers denied the petition to reopen. The State Compensation Fund initially accepted the new injury claim, and then later issued a notice of claim status finding claimant's condition stationary and closing the new claim with a permanent impairment no greater than the 40 percent previously awarded. Claimant requested hearings on Travelers' denial of the reopening and on the State Compensation Fund's notice of claim status closing the new injury claim. These hearings were consolidated, and eventually the administrative law judge issued his decisions granting reopening as to the claim relating to the 1974 injury, and finding that claimant's condition was not yet stationary and granting continuing benefits as to the claim relating to the 1979 injury.

Travelers has sought review in this court of the administrative law judge's decision

granting reopening. Although Travelers has made the State Compensation Fund a party to the proceedings before this court, the State Compensation Fund has not contested the correctness of the administrative law judge's decision finding that the new injury claim was not stationary, nor does it seek any relief from that decision.

Travelers has raised two issues on review. First Travelers contends that there was no evidence before the administrative law judge of any new, additional or previously undiscovered condition or disability causally related to the first injury, and that therefore the reopening of the 1974 claim was in error. Second, and somewhat related to the first issue, Travelers urges that the evidence merely shows that the second injury operated to aggravate the preexisting condition created by the first injury, and that under well-settled Arizona case law the employer and carrier as of the time of the second injury must assume sole responsibility for any resulting workmen's compensation liability. We find merit in Travelers' contentions and therefore conclude that the award granting reopening must be set aside.

The administrative law judge's findings do not discuss or even mention the various medical witnesses and the specifics of their testimony. Rather, insofar as relates to the reopening of the Travelers' claim, he found as follows:

"5. The evidence has been evaluated and is sufficient to establish that the applicant has sustained new, additional or previously undiscovered disability or condition causally related to his industrial injury of August 9, 1974, and its sequelae."

Additionally, in his decision relating to the new injury claim, the following is found:

"13. ... and applicant has sustained his burden of proof to show that he is still in need of continuing active medical treatment as a result of his industrial injury of [September 4, 1979], and as a result of his industrial injury of August 9, 1974. The medical testimony indicates that the treatment necessary is for both injuries and it is very difficult to separate the two;"

In its opening brief Travelers discusses in detail the testimony of the four medical witnesses to demonstrate to this court that there is no medical evidence to support the administrative law judge's reopening of the 1974 claim. In response, the claimant relies exclusively on the testimony of Dr. William C. Brainard.

The essence of Dr. Brainard's testimony on the issue before this court is best summarized in his response to a question as to whether claimant's recent treatment was made necessary by the second injury or the first injury:

"THE WITNESS: My impression is that the treatment that he is getting now is related in part to both injuries, and that the initial injury probably set the stage for his degenerative changes in the knee joint, and that the reinjury he had subsequently was an additional insult which has forced the symptoms on at this time."

Along this same line, he further testified that in his opinion both injuries had contributed to the symptomatology that necessitated the course of treatment presently being administered.

Conspicuously absent from the record is any reference to any new, additional or previously undiscovered condition causally related to the 1974 injury. Bearing in mind that the 1974 knee injury had been closed with a 55 percent permanent physical impairment, and that the new claim was an injury to that same knee, it is not at all surprising that the medical witness was of the opinion that both injuries contributed to the symptomatology and claimant's need for continuing benefits. However, that need for medical benefits cannot justify reopening of the 1974 claim without a concomitant showing of a new, additional or previously undiscovered condition causally related to the 1974 injury. Obviously, Dr. Brainard's testimony was to the effect that the first injury had created a condition which was then acted upon by

the second injury to result in claimant's current disability. However, when two industrial claims are involved, such testimony is not sufficient to impose liability on the first injury carrier. Rather, in such circumstances, our courts have refused to apply the doctrine of consequential damages so as to hold the first carrier liable, and instead have imposed liability on the second carrier. *See Morrison-Knudsen Company, Inc. v. Industrial Commission,* 115 Ariz. 492, 566 P.2d 293 (1977); *Lumbermen's Mutual Casualty Co. v. Industrial Commission,* 118 Ariz. 92, 574 P.2d 1311 (App. 1977). As stated in *Morrison-Knudsen:*

> "Although the second injury would have been less severe in the absence of the prior injury, the second employer is held to be solely responsible." 115 Ariz. at 495, 566 P.2d at 296.

This is merely a specialized application of the principle that an employer takes an employee as he finds him, and if an injury operates upon an existing condition or disability and produces a further injurious result, then that result is held to have been caused by the injury. *See, e.g., Tatman v. Provincial Homes,* 94 Ariz. 165, 382 P.2d 573 (1963); *Murray v. Industrial Commission,* 87 Ariz. 190, 349 P.2d 627 (1960).

For the foregoing reasons we find that the evidence is not sufficient to support the decision and award entered by the administrative law judge granting reopening of the 1974 claim. The record, however, does support the administrative law judge's decision and award relating to the 1979 injury, finding that claimant's condition was not yet stationary and granting continuing benefits pertaining to that injury.

A.R.S. § 23–951(D) limits the power of this court in workmen's compensation reviews to "either affirming or setting aside the award, order or decision." In applying that statute to the record presented in this review, we note that, although set forth in the same document, the decision and award relating to the 1979 claim involving the State Compensation Fund is completely severable from the decision relating to the 1974 claim. In his disposition of the matters, the administrative law judge has set forth separate captions and separate findings relating to each of the claims. Likewise, in the award portion of the disposition, separate and distinct awards are made as to each claim. Additionally, no arguments have been presented to this court indicating such an interrelationship between these claims as would make it necessary or even desirable that they be reconsidered jointly. In view of these facts and the procedural posture presented to this court, it is our opinion that A.R.S. § 23–951(D) does not require that the disposition made by the administrative law judge be affirmed or set aside in its entirety.

Accordingly, the decision and award granting reopening of the 1974 claim (Carrier Claim No. 127 CB A98 5859) is set aside. Since the record supports the award relating to the 1979 claim, and no issues have been raised by the State Compensation Fund concerning it, the decision and award relating to that claim (Carrier Claim No. 79–35947) is affirmed.

EUBANK and CONTRERAS, JJ., concur.