910 P.2d 662

**Sharon SMITH, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Department of Corrections, Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. 1 CA–IC 94–0005.**

Court of Appeals of Arizona, Division 1, Department D.

Jan. 23, 1996.

---

**512**

Special Action—Industrial Commission, ICA Claim No. 89116–057661, Carrier No. 89–18160; Administrative Law Judge Stephen W. Pogson. DISMISSED FOR LACK OF JURISDICTION.

Jerome, Gibson, Stewart, Friedman, Stevenson & Engle, P.C. by Joel F. Friedman, Phoenix, for Petitioner.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for Respondent.

Steven C. Lester, P.C. by Steven C. Lester, Phoenix, for Respondents Employer and Carrier.

## OPINION

LANKFORD, Judge.

This is a special action review of an Industrial Commission award for a permanent partial disability, a loss of earning capacity, and a denial of apportionment. The Administrative Law Judge ("ALJ") found that the petitioner employee had sustained a 26.62% loss of earning capacity, and he denied the respondent State Compensation Fund's request for apportionment of the permanent partial disability benefits. We lack jurisdiction and therefore dismiss the petition for special action.

The employee was injured while employed as a corrections officer by the Arizona Department of Corrections. She filed a workers' compensation claim, which was accepted for benefits. Following medical treatment, her claim was closed with an unscheduled permanent partial impairment. She protested closure, but following hearings, the ALJ entered an award finding her stationary with a permanent partial impairment.

The Commission entered its findings and award for an unscheduled permanent partial disability and a 64.81% loss of earning capacity ("LEC"). The claimant timely requested a hearing and asserted that she had sustained a total LEC. The Fund responded primarily that the claimant had no LEC, but it also sought apportionment of any permanent partial disability benefits award from the ICA Special Fund Division ("Special Fund").[1] The Commission denied the Fund's

---

1. Arizona Revised Statutes Annotated ("A.R.S.") section 23–1065 (Supp.1995) discusses apportionment and provides in relevant part:

 C. In claims involving an employee who has a preexisting physical impairment which is not industrially-related and, whether congenital or due to injury or disease, is of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee

becomes unemployed, and the impairment equals or exceeds a ten per cent permanent impairment evaluated in accordance with the American medical association guides to the evaluation of permanent impairment, and the employee thereafter suffers an additional permanent impairment not of the type specified in § 23–1044, subsection B, the claim involving the subsequent impairment is eligible for reimburse-

apportionment request, and the Fund timely requested a hearing.

After consolidated hearings, the ALJ entered his award. He adopted the opinion of the Fund's labor market expert and found that the claimant was capable of working for the Arizona Department of Transportation as a motor vehicle operations clerk, resulting in a LEC of 26.62%. He also found that the claimant had a cardiac arrhythmia, which rated a 15% whole person impairment under the American Medical Association Guides to the Evaluation of Permanent Impairment. Nevertheless, the ALJ found that this condition was not a "cardiac disease" within the meaning of A.R.S. section 23–1065(C)(3)(c), and for this reason the Fund was not entitled to apportionment. Both the claimant and the Fund timely requested review of this award, but it was summarily affirmed on administrative review.

On January 12, 1994, the claimant filed a petition for special action-industrial commission, which was numbered 1 CA–IC 94–0005 ("the LEC special action"). On January 14, 1994, the Fund filed a petition for special action-industrial commission, which was numbered 1 CA–IC 94–0006 ("the apportionment special action").

On January 31, 1995, this Court heard the apportionment special action, and on April 27, 1995, we issued an opinion setting aside the ALJ's October 22, 1993 award. *See Department of Corrections v. Industrial Comm'n*, 182 Ariz. 183, 894 P.2d 726 (App. 1995). We considered the LEC special action on December 5, 1995. While reviewing the briefs in the LEC special action, we noted that the Fund's brief had represented that

[a] Request to Consolidate both the Special Fund and Department of Corrections Petition for Special Action with the Claimant's Petition for Special Action was made, but never ruled upon by the court. As such, as of this date, there exists a separate Petition for Special Action which

ment, as provided by subsection D of this section, under the following conditions:

. . . .

3. The employee's preexisting impairment is due to one or more of the following:

has already been briefed by the Department of Corrections, the Fund, and the Special Fund, which addresses the Administrative Law Judge's denial of apportionment in his Findings and Award.

Although we reviewed the docket in both 1 CA–IC 94–0005 and 1 CA–IC 94–0006, we found no request to consolidate. We ordered the parties to present evidence of a motion to consolidate. The parties filed a copy of an earlier motion by the Special Fund to amend the caption and to consolidate. The copy was dated January 28, 1994, and captioned in 1 CA–IC 94–0005. The copy lacks a date stamp or initials reflecting its actual filing in the Court of Appeals, although its certificate of service states that it was "filed this 28th day of January, 1994, with the Court of Appeals."

Because we had set aside the ALJ's award in our prior April 27, 1995 opinion in the apportionment special action, we requested supplemental briefs addressing whether we have jurisdiction to consider the merits of the LEC special action. Only the claimant filed such a brief.

■ We lack jurisdiction over this special action because our prior opinion in the apportionment special action set aside the entire award, leaving nothing for our review in this proceeding. The Court of Appeals has jurisdiction to review awards. A.R.S. § 12–120.21(A)(2). This review is invoked by a petition for special action-industrial commission. R.P.S.A. 10. By statute, we are limited to affirming or setting aside an industrial commission award in its entirety. A.R.S. § 23–951(D).

■ A narrow exception exists to the rule limiting our power to either affirm or set aside an award in its entirety: Consolidated industrial commission awards that are completely severable can be treated separately. *See Professional Furniture Serv. v. Industrial Comm'n*, 133 Ariz. 206, 209, 650 P.2d 508, 511 (App.1982); *Hanley v. Industrial*

(a) Epilepsy.
(b) Diabetes.
(c) Cardiac Disease. . . .

*Comm'n,* 159 Ariz. 403, 409, 767 P.2d 1193, 1199 (App.1989). However, the LEC and apportionment aspects of the award here are not completely severable and thus do not fall within this narrow exception.

In *Professional Furniture,* the claimant sustained a right knee injury and filed a new injury claim. He also filed a petition to reopen a claim for a prior right knee injury. Following consolidated hearings, the ALJ issued a decision with separate captions, separate findings, and separate and distinct awards on each claim. On review, we held that although there was but one document, there were two completely severable claims. *Professional Furniture,* 133 Ariz. at 209, 650 P.2d at 511. That allowed us to set aside the reopening claim and affirm the new injury claim.

In contrast, both the LEC and apportionment special actions involved here arose out of one industrial injury and one award. We are confined by statute to affirming or setting aside the award in its entirety. Because we set aside the entire award in the first special action, nothing remains of that award for us to review.

 The LEC issue could have been heard as part of the earlier apportionment special action. When one party to an award files a petition for special action, a respondent who desires affirmative relief need not file a separate cross-petition. *See 1 Arizona Appellate Handbook,* § 5.9, at 5–11 (Jefferson L. Lankford and Paul G. Ulrich eds., 3d ed. 1992). Instead, "if a respondent could have filed a special action petition in the first instance and desires to present a request for affirmative relief . . . the respondent shall add to his notice of appearance a statement that he will request affirmative relief. . . ." R.P.S.A. 10(f). Even where cross-petitions are filed inadvertently, the parties should request affirmative relief in their notice of appearance and cross-reference the cross-petitions for special action.

When both parties to a single award file separate petitions for special action, the two actions should be consolidated by motion.

Although the parties produced a copy of a motion to consolidate, our records do not include the motion and the copy produced does not reflect that it was ever received by the clerk of this court. When we calendared the first special action for decision, neither party brought to our attention that a motion to consolidate was pending.

Because we lack jurisdiction based on this Court's prior opinion in 1 CA–IC 94–0006 which set aside the ALJ's award,[2] we dismiss this petition for special action.

GARBARINO, P.J., and SULT, J., concur.

---

2. We note that because we set aside the ALJ's October 22, 1993 award in its entirety, the claim-

ant also is entitled to hearings *de novo* on the LEC issue.