ECKERSTROM, Chief Judge:
*1239 ¶1 In this statutory special action, Arcadia Tapia petitions this court to set aside the Industrial Commission's award denying her complaint for unfair claim processing practices against Banner University Medical Center Tucson and Banner Health Workers Compensation (collectively, "Banner"). For the reasons that follow, we set the award aside.
Factual and Procedural History
¶2 "We consider the evidence in a light most favorable to upholding the administrative law judge's award." Aguayo v. Indus. Comm'n , 235 Ariz. 413, ¶ 2, 333 P.3d 31, 32 (App. 2014). On July 31, 2015, while Tapia was working as a housekeeper for Banner's environmental services department, she bent down to clean the floor and felt a tearing sensation in her right knee. Tapia's supervisor helped her fill out an incident form and walked her to the emergency room. Banner's medical staff examined her and, pursuant to doctor's orders, Tapia did not return to work for four days.
¶3 Tapia filed a claim for workers' compensation benefits with the Industrial Commission and, on August 25, Banner, a self-insured employer, received notification thereof. On September 11, Banner issued a notice of claim status denying Tapia's claim on the ground the incident had not been reported to the organization. Tapia sought review from the Industrial Commission and obtained an award in her favor.
¶4 Tapia then filed a "complaint of bad faith and/or unfair claim processing practice" alleging that when Banner initially denied her claim, it had done so without a "reasonable basis and [had] failed to conduct an adequate investigation," among other allegations. After a hearing, the administrative law judge (ALJ) found that Banner had acted reasonably when it initially denied Tapia's claim.[1] Tapia requested review, and the ALJ affirmed its award. Tapia petitioned this court for special action; we have jurisdiction. A.R.S. §§ 12-120.21(A)(2), 23-951(A).
Bad Faith and Unfair Claim Processing
¶5 Tapia argues the ALJ erroneously considered the twenty-one-day deadline specified in § 23-1061(M), A.R.S., in a manner that lessened Banner's obligation to properly investigate her claim. Our review is limited to "determining whether or not the commission acted without or in excess of its power" and whether the findings of fact support the award. A.R.S. § 23-483(B) ; see Special Events Serv. Inc. v. Indus. Comm'n , 228 Ariz. 332, ¶ 6, 266 P.3d 358, 360 (App. 2011). Whether Banner reasonably denied Tapia's claim is a mixed question of fact and law; accordingly, we defer to the ALJ's determination of disputed facts but review questions of law de novo. See Miller v. Indus. Comm'n , 240 Ariz. 257, ¶ 9, 378 P.3d 434, 436 (App. 2016).
¶6 Section 23-930(B), A.R.S., states that if an ALJ "finds that unfair claim processing ... has occurred in the handling of a particular claim, it shall award the claimant ... a benefit penalty." A self-insured employer commits unfair claim processing when it "[u]nreasonably issues a notice of claim status without adequate supporting information in its possession or available to it." Ariz. Admin. Code R20-5-163(B)(1) ; see Hayes v. Cont'l Ins. Co. , 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994) ( § 23-930(E) directs Industrial Commission to adopt definition of unfair claim processing). Although this language suggests self-insured employers generally should not issue a notice of claim status "without adequate supporting information," see Ariz. Admin. Code R20-5-163(B)(1), a self-insured employer may reasonably deny a claim when a lack of adequate supporting information results from no fault of the employer. Cf. Epstein v. Indus. Comm'n , 154 Ariz. 189, 194, 741 P.2d 322, 327 (App. 1987) (untimely hearing request accepted when claimant did not receive actual notice through no fault of his own).
*1240 ¶7 Here, Banner denied Tapia's claim on the ground that the incident had not been reported to the organization. The ALJ determined this denial "was reasonable given the available information and the short period to deal with accepting or denying the claim." Further, the ALJ also determined the denial had been reasonable in light of the evidence produced at the compensability hearings. We separately address the "short period" during which Banner was required to issue its initial notice of claim status, the information then available, and the evidence produced at the compensability hearings.
Short Period to Issue a Notice of Claim Status
¶8 Tapia asserts, and Banner does not contest, that the "short period" the ALJ referred to in his decision pertains to the twenty-one-day timeframe within which a self-insured employer must deny a claim, lest it be required to immediately compensate an employee "as if the claim were accepted." § 23-1061(M). We note that § 23-1061(M) applies only in cases where the injured employee misses more than seven days of work. Here, Tapia only missed four days; accordingly, § 23-1061(M) did not apply. Nevertheless, § 23-1061(F) requires self-insured employers to "promptly report ... any denial of a claim." Accordingly, the parties agree it is an "over-arching rule" in the industry that insurers accept or deny a claim within twenty-one days. Because the parties agree it was proper for the ALJ to account for this industry standard in evaluating the reasonableness of Banner's denial of the claim, we consider whether the claims adjuster denied Tapia's claim upon adequate supporting information and whether such denial was reasonable in light of Banner's investigation and the information then available.[2] See Ariz. Admin. Code R20-5-163(B)(1).
Information Available to Banner
¶9 Tapia argues Banner unreasonably denied her claim because the claims adjuster failed to conduct even a minimally sufficient investigation. As already noted, a self-insured employer engages in unfair claim processing when it "unreasonably issues a notice of claim status without adequate supporting information in its possession or available to it." Ariz. Admin. Code R20-5-163(B)(1). As Banner correctly argues, the regulation does not create a per se rule that a self-insured employer commits unfair claim processing whenever it denies a claim without adequate supporting information. Indeed, such employer might reasonably deny a claim when a diligent investigation fails to uncover adequate information; for example, when the injured party has not been forthcoming. Here, Tapia argues Banner acted unreasonably by failing to conduct the industry-standard, three-point investigation, in which an adjuster contacts the injured party, her supervisor, and the treating physician, and by failing to request Tapia's claim form from the Industrial Commission.
¶10 Banner argues its denial was justified because the lack of a claim form accompanying the notice of claim was "inconsistent with the existence of an actual claim." In support, the claims adjuster testified that when Banner receives a notice of claim without certain forms, as here, the notice was commonly the result of an administrative error; for example, when an employee of another company or an independent contractor filed the claim or when there had been a "mixup with the physician's office."
¶11 But we cannot agree that the adjuster acted reasonably; although adequate information was readily available, she did not pursue it. See Ariz. Admin. Code R20-5-163(B)(1). First, the adjuster apparently confirmed that Tapia was, in fact, a Banner employee in the environmental services department. Further, although the adjuster testified it was standard industry practice to conduct a three-point investigation upon receipt of a claim, she only attempted, unsuccessfully, to contact the environmental services department. The adjustor did not await an answer from that department before denying the claim and made no attempt to contact Tapia herself. Furthermore, as Banner acknowledges, even though the adjuster easily could have obtained the claim form from the Industrial Commission, in which *1241 Tapia had articulated the nature and circumstances of her injury, see Ariz. Admin. Code R20-5-108(A), (B), the adjuster did not attempt to do so.[3]
¶12 Relying on Rawlings v. Apodaca , Banner characterizes the initial denial as "reflect[ing] a confluence of communication and reporting failures, outside [its] control or responsibility" and an innocent or negligent system failure that does not rise to the level of bad faith. 151 Ariz. 149, 157, 726 P.2d 565, 573 (1986) (insurer "should not be held liable because of a good faith mistake in performance or judgment"). But, consistent with R20-5-163(B)(1), Rawlings makes clear that an insurer should secure "adequate information" before denying a claim. Id. Banner, however, relies on A.R.S. § 23-908(E) to argue certain other parties failed their reporting requirements. Although § 23-908(E) mandates reporting by the employee to the employer and by any treating physician to the employer, insurer, and commission, Banner overlooks that as a self-insured employer whose own emergency room treated Tapia, it bore institutional responsibility for these reporting requirements at every turn. See A.R.S. § 23-961(A), (B) (requiring self-insured employers to comply with workers' compensation scheme); § 23-908(E), (G) (requiring physician and employer to inform insurer after receiving notice of accident). Without supporting authority, Banner suggests the standard for unfair claim processing should be evaluated from the perspective of an individual claims adjuster and not by looking at the information available to the self-insured employer as a whole. We do not agree that the failures of communication between the environmental services department and the workers' compensation department were outside Banner's control or responsibility. Instead, as a self-insured employer that internally processes its own claims, Banner itself is responsible for the instant failures of communication. See § 23-908(G). The right hand cannot excuse itself for the failures of the left.
¶13 Moreover, responsibility for the unsupported denial of the claim would not rest with the environmental services department's failure to respond to the adjuster's inquiries, but in the latter's decision to deny benefits without adequate supporting information that, with reasonable efforts, was available. See Ariz. Admin. Code R20-5-163(B)(1). It was, after all, the claims adjuster's task and duty to investigate claims before denying them.
¶14 In sum, Banner denied Tapia's claim without adequate supporting information. That decision was unreasonable because the adjuster failed to conduct even a basic investigation. As previously noted, had the adjuster simply contacted the Industrial Commission, she could have quickly obtained information supporting Tapia's claim. Thus, we conclude the ALJ erred to the extent it determined that Banner reasonably denied Tapia's claim upon adequate supporting information.[4]
Other Supporting Evidence
¶15 Finally, the award stated, "Reasonableness of denial was then borne out by the evidence at the compensability hearings." It is not apparent, however, what evidence from those hearings the ALJ considered or how that evidence supported Banner's initial denial. Instead, the compensability award credits Tapia's version of events regarding when and how she documented the injury. It finds that on the night of the injury she "clearly ... obtained an accident form that she filled out and signed ... consistent with the timeline that she presented in her testimony."
*1242 Although we generally defer to the ALJ's determinations of fact, the record discloses no evidence presented during those hearings that indicates Banner possessed, or had available to it, adequate supporting information to warrant denial of Tapia's claim. See Eagle Indem. Co. v. Hadley , 70 Ariz. 179, 190, 218 P.2d 488 (1950) (determination by Industrial Commission will not be disturbed unless clearly without support in evidence); see also Ariz. Admin. Code R20-5-163(B)(1).
Severability of Awards
¶16 Finally, Tapia asks this court to set aside only the finding that Banner did not commit unfair claim processing with respect to its initial denial, but affirm the ALJ's determination that Banner acted in bad faith by unreasonably terminating her benefits as a "distinct and severable issue." Citing Professional Furniture Service v. Industrial Commission , she argues this issue is "completely severable" from the rest of the award and, therefore, may be excepted from the rule in A.R.S. § 23-951(D) that awards be set aside in their entirety. 133 Ariz. 206, 209, 650 P.2d 508, 511 (App. 1982). But as Banner observes, the court in Professional Furniture Service severed two distinct claims against two insurance carriers that the award separately addressed and resolved. Id. By contrast, in Kwietkauski v. Industrial Commission , the court determined an award resolving suspension of benefits, termination of benefits, and complaint for bad faith and unfair claims processing was not completely severable. 231 Ariz. 168, ¶¶ 2, 17, 291 P.3d 365, 366, 368 (App. 2012). Like Kwietkauski , the award here is not completely severable: Tapia filed her claims in a single petition against a single defendant, and the award addressed and resolved all claims together.[5]
Disposition
¶17 For all the above reasons we set the award aside.

The ALJ additionally determined, however, that Banner had acted in bad faith with respect to other allegations by Tapia and awarded a penalty in her favor.

We do not reach the question of whether or how the deadline in § 23-1061(M) should inform the reasonableness of a self-employed insurer's decision to deny a claim.

The parties dispute whether the adjuster should have contacted Tapia's physician and whether the physician could have provided information without running afoul of medical privacy laws. See A.R.S. § 12-2235 (privileging patient's communication with doctor and results of doctor's personal examination in civil actions). We need not resolve these issues, however, because wholly apart from contacting the physician, the adjuster could have obtained adequate supporting information simply by obtaining a copy of Tapia's claim from the Industrial Commission. See Ariz. Admin. Code R20-5-108(A), (B).

Banner argues that testimony supported a finding that Tapia had not submitted to Banner certain forms that typically initiate a claim. We need not address this argument, however, because the claim form Tapia filed with the Industrial Commission was available upon Banner's request and would have provided the adjuster with the necessary information either to properly evaluate her claim or at least direct her to sources enabling her to do so.

At oral argument, Tapia acknowledged the entire award must be set aside under current law but maintained that severability furthered the interests of judicial efficiency.