NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL ROMAN, | No.  17-17008 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02447-NVW |
| v. | |
| BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted March 5, 2019
Phoenix, Arizona

Before: IKUTA and FRIEDLAND, Circuit Judges, and BLOCK,[**] District Judge.

Manuel Roman appeals the district court's summary judgment in favor of

Berkshire Hathaway Homestate Insurance Company ("Berkshire Hathaway").  We

assume familiarity with the facts, procedural history, and issues on appeal.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Reviewing de novo, *see Cox v. Dep't of Soc. & Health Servs.*, 913 F.3d 831, 836-37 (9th Cir. 2019), we affirm.

It was not unreasonable for Berkshire Hathaway to initially deny Roman's claim pending further investigation. Arizona Revised Statute § 23-1061(M) did not require Berkshire Hathaway to complete its investigation within twenty-one days of notification of the claim because Roman did not miss any time from work. In any event, an insurer may reasonably deny a claim "when a diligent investigation fails to uncover adequate information." *Tapia v. Indus. Comm'n of Ariz.*, 426 P.3d 1237, 1240 (Ariz. Ct. App. 2018).

There is no evidence that Berkshire Hathaway's investigation was not diligent. Berkshire Hathaway reasonably sought information from Roman, who initially was not forthcoming, and from his employer; the delays in obtaining that information were not due to any lack of diligence on Berkshire Hathaway's part. *See id.* While the Industrial Commission of Arizona ("ICA") had contact information that could have expedited the investigation, there is no evidence that Berkshire Hathaway knew or should have known that the ICA had the information.

Nor was Berkshire Hathaway's post-denial investigation unreasonable. Roman claims that Berkshire Hathaway carried out its post-denial investigation pursuant to a company policy geared toward gathering evidence to support denials. The portion of Berkshire Hathaway's claims handling guideline that Roman relies

on, however, does not support his claim that the company has such a policy, at least for cases like this one in which information is lacking. As soon as Roman identified his medical providers, Berkshire Hathaway sought medical records from them. The delay in receiving the records was attributable to the providers, not Berkshire Hathaway. It was reasonable for Berkshire Hathaway to schedule an independent medical examination ("IME") to confirm the nature of Roman's injury and ascertain the likelihood of future treatment. Berkshire Hathaway promptly accepted the claim once it received the results of the IME.

In sum, we agree with the district court that Roman failed to offer sufficient evidence that Berkshire Hathaway handled his claim in bad faith. We therefore need not address Roman's challenges to the district court's ruling on punitive damages. *See Rawlings v. Apodaca*, 726 P.2d 565, 577 (Ariz. 1986) ("[P]unitive damages may not be awarded in a bad faith tort case unless the evidence reflects 'something more' than the conduct necessary to establish the tort.").

**AFFIRMED.**