406 P.2d 866

**George S. DAVIS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent Insurance Carrier,**

**Edgar A. Hollman, Respondent.***
**No. 1 CA–IC 34.**

Court of Appeals of Arizona.
Oct. 26, 1965.

Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Hirsch, Van Slyke, Richter & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Glen D. Webster, Jr., Phoenix, for respondents.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission of Arizona. On 10 January, 1959, the petitioner suffered a back injury arising out of and in the course of his employment which necessitated a laminectomy. Plaintiff recovered and returned to work. He enjoyed increments in his monthly earnings and was gainfully employed as a carpenter.

■ For about thirty days prior to 28 February, 1962, his duties consisted of working on a roof of an underground storage tank. He was required to tear the old roofing matter off the rafters and nail metal roofing down upon them. The testimony of the employer indicates that he had to stand on the rafter and then nail the metal roofing into the rafter so that the petitioner was doubled over and bending most of the time. On 28 February, 1962, petitioner bent over to pick up a window screen and suffered a disabling pain in his back which prevented him from straightening up. Petitioner drove home and that evening reported his condition to his employer. He contacted an orthopedic surgeon who ordered him to the hospital. Petitioner was treated with traction, physical therapy and braces, but to no avail. In October of 1962, a lumbar spinal fusion was performed upon him on the recommendation of a consultation report of four medical doctors. The group's written consultation report to the Industrial Commission stated in part as follows:

> "It is felt this patient's present symptoms are related to his original injury of 1/10/59, and are the result of this rather than due to the aggravation caused by the *injury of 2/28/62.*" (Emphasis ours.)

The Commission found that petitioner's symptoms were related to the injury suffered in 1959, and computed the award on the basis of his average monthly earnings at the time of the 1959 injury. It is alleged that petitioner's average monthly wage in 1959 was $347.85, and that his average monthly wage on 28 February, 1962, was $570.47. The sole question before this Court is whether or not the injury sustained by the petitioner on 28 February, 1962, is an accident within the meaning of the Workmen's Compensation Law. If the injury was an accident, then the wage base would be that of 28 February, 1962. The Arizona Supreme Court has stated:

"[W]e again announce that Arizona follows the English and now majority American view that an injury is caused 'by accident' when either the external cause or the resulting injury itself is unexpected or accidental. This construction of the phrase 'injury by accident' is most likely to effectuate '* * * the evident purpose of the law that those covered by the act who are injured while engaged in industrial work are to be compensated.'" Paulley v. Industrial Commission, 91 Ariz. 266, 272, 371 P.2d 888, 893 (1962).

■ The petitioner was performing the usual tasks of his trade. He bent over to pick up a window screen and suffered an injury to his back. Although the external cause was not unusual or accidental, the resulting injury itself was unusual or accidental with the definition set forth above. Paulley v. Industrial Commission, supra, Phelps Dodge Corp. v. Cabarga, 79 Ariz. 148, 285 P.2d 605, 608 (1955). The Paulley v. Industrial Commission case, supra, quotes Lord MacNaghten's statement in Clover, Clayton & Co. v. Hughes, A.C. 242, 3 B.W.C.C. 775 (1910) that:

"' "[I]njury by accident" meant nothing more than "accidental injury",'

and the majority of cases in this country following the English rule. * * * This majority with which we concur hold that when usual exertion leads to something actually breaking or letting go with an obvious sudden organic or structural change in the body the injury is accidental." 91 Ariz. 266, 272, 371 P.2d 888, 892.

■ The holding in the Paulley v. Industrial Commission case, supra, has been followed by this Court. Reilly v. Industrial Commission, 1 Ariz.App. 12, 398 P.2d 920 (1965). As we said in Reilly v. Industrial Commission, supra:

"The Workmen's Compensation Act is remedial, and its terms should be liberally construed in order to effectively carry out the purpose for which it was intended, that being to place the burden of injury and death from industrial causes upon industry as a whole, Dunlap v. Industrial Commission, 90 Ariz. 3, 363 P.2d 600 (1961), Nicholson v. Industrial Commission, 76 Ariz. 105, 259 P.2d 547 (1953). While the act does not contemplate a general health and accident fund, nevertheless, if there is a causal connection between the employment and the injury, the act does apply." Reilly v. Industrial Commission, 1 Ariz.App. 12, 398 P.2d 920 (1965).

■ Petitioner suffered an injury by accident as it has been defined by our case law, in the course of his employment on 28 February, 1962, and is entitled to compensation on the basis of his average monthly wage as of that date.

The award is set aside.

STEVENS, C. J., and DONOFRIO, J., concurring.