490 P.2d 39

Frank H. CAGANICH, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,
Food King Market, Inc., Respondent Employer,
State Compensation Fund, Respondent Carrier.

Frank CAGANICH, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,
Yoakum's Food Center, Respondent Employer,
State Compensation Fund, Respondent Carrier.

Nos. I CA–IC 444, I CA–IC 445.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 8, 1971.

Rehearing Denied Dec. 7, 1971.
Review Granted Jan. 11, 1972.

Gorey & Ely, Phoenix, by Joseph M. Bettini, and Sherman Bendalin, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund, by Harlan J. Crossman, Phoenix, for respondents Employer and Carrier.

STEVENS, Presiding Judge.

The petitioner brought two writs of certiorari to test the lawfulness of awards and findings of The Industrial Commission of Arizona. The first award was issued in Claim No. AR 19478 (our Court number 1 CA–IC 444), hereinafter referred to as claim number one. The injury was sustained on 31 May 1958. The second award was issued in Claim No. BG 31154 (our Court number 1 CA–IC 445), hereinafter referred to as claim number two. The event leading up to this claim is stated to have occurred on 3 May 1968. There was a higher average monthly wage at the time of the 1958 event than at the time of the 1968 event. The issue before the Court is whether the petitioner suffered an exacerbation of his 1958 injury, or whether he suffered a new injury on 3 May 1968. The Commission takes the position that the symptoms which occurred in 1968 were the results of the new injury. We do not agree with this position.

■ It is the function of the Court of Appeals when petitioned to review The Industrial Commission awards to determine whether the evidence before the Commission reasonably supports its decision and not to try the case anew. The Commission's findings as trier of facts (both events occurred before 1 January 1969) must be sustained if reasonably supported by the evidence. Torrez v. Industrial Commission, 12 Ariz.App. 21, 467 P.2d 245 (1970). Where the resut of an injury is not obvious, such as the loss of a limb or external lesion, medical testimony is necessary to establish the injury and the extent thereof. Buckhalter v. Industrial Commission, 12 Ariz. App. 467, 472 P.2d 78 (1970). Where the evidence is in conflict or different inferences may be drawn therefrom, findings of fact of the Commission will not be disturbed unless they are wholly unreasonable. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968).

■ It is the opinion of the Court that the award of the Commission is not sup-

ported by the evidence. The petitioner in his testimony gave a history of weakness and pain in his right arm with repeated use dating from his 1958 injury. The only medical witness to testify, Norman F. Fee, M.D., testified as follows with regard to causation:

"Q. Did he tell you, Doctor, that this is what caused the pain?

"A. Well, he stated in addition he started working in a meat market in April (1968), and while working there the pain had become worse, and he was unable to continue because of the pain in the elbow.

"Q. Doctor, are you familiar—

"A. And he saw me at this time for the purpose of reopening his claim.

"Q. What is epicondylitis?

"A. It refers to an inflamation of the tendons that attach to this bony prominence that we refer to as the medical epicondyle.

"Q. And what would cause this inflammation?

"A. It's usually a mechanical problem associated with repetitive use of the arm.

\*     \*     \*     \*     \*     \*

"Q. Would you consider this an exacerbation of the injury of 1961 (sic)—or 58?

"A. Yes, sir, I did, because these do tend to be chronic, prolonged conditions, which characteristically they do recur.

\*     \*     \*     \*     \*     \*

"Q. Could one get this without having a prior injury?

"A. Yes, you could.

"Q. Is it possible that this happened at this time?

"A. It is possible that it did. However, I felt that it was probably an exacerbation of an old problem.

"Q. Did you have access to the prior records of the disability before?

"A. Yes, I did.

"Q. And did you look at these records in relation to the present complaints?

"A. Yes.

"Q. I see. And it's your position that this was an exacerbation of an old injury rather than a new injury?

"A. Yes."

The Commission cites in support of this position Davis v. Industrial Commission, 2 Ariz.App. 148, 406 P.2d 866 (1965). That case is distinguishable from the instant case in that the medical testimony indicated a new injury in Davis whereas in the instant case the medical testimony is that petitioner suffers an exacerbation of his 1958 injury. Also see Tanner Brothers Contracting Company, Inc. v. Industrial Commission of Arizona, 14 Ariz.App. 309, 483 P.2d 50 (1971).

The awards in claim number one and claim number two are set aside.

CASE and DONOFRIO, JJ., concur.