503 P.2d 801

Frank H. CAGANICH, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Food King Market, Inc., Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

Frank CAGANICH, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Yoakum's Food Center, Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 10723–PR.

Supreme Court of Arizona,
In Banc.

Nov. 28, 1972.

Gorey & Ely by Sherman R. Bendalin and Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondents Employer and Carrier.

LOCKWOOD, Justice:

This matter is before us on a petition for review of a decision of the Court of Appeals setting aside the award of the Industrial Commission. Opinion of the Court of Appeals, 15 Ariz.App. 594, 490 P.2d 39 (1971), vacated.

On July 30, 1968, petitioner, who was working as a meat cutter, attempted to lift a round of meat off a hook when he felt his arm go limp. He was later unable to move his arm. The doctor who attended him diagnosed his condition as epicondylitis, "inflammation of the tendons that attach to this boney prominence that [is] referred to as the medial epicondyle."

Petitioner filed a claim (No. B.G. 31154), and the Industrial Commission awarded compensation based upon the monthly wage earned at the time of the injury.

The petitioner argues that the injury occurring on July 30th was merely an "exacerbation" of a previous arm injury which occurred in 1958 (for which he had filed claim No. A.R. 19478). It is his position that because the July 30th injury was merely an aggravation of the original injury which he sustained in 1958, compensation for the July 30th injury should be based upon his monthly wage earned at the time of the previous injury.

Petitioner in May, 1968 filed a petition to reopen claim No. A.R. 19478. The Commission denied reopening of this claim, and made findings in claim No. B.G. 31154, awarding compensation on the basis that it was a new injury, and therefore compensable as of petitioner's earnings at the time of the injury, i.e. July 30, 1968. Petitioner contested the lawfulness of the awards and findings of the Industrial Commission concerning the injuries sustained in 1958 and 1968.

We have held that an appellate court will affirm awards of the Industrial Commission when there is substantial evidence to support the Commission's decision. Mountain States Tel. & Tel. Co. v. Industrial Comm'n, 96 Ariz. 72, 392 P.2d 28 (1964).

■ Dr. Fee, petitioner's attending physician at the time of the 1968 injury, was of the opinion that petitioner's condition was an aggravation of the previous injury.
"Q. Would you consider this an exacerbation of the injury of 1961—or 58?
"A. Yes, sir, I did because these do tend to be chronic prolonged conditions, which characteristically they do recur."
Although the unequivocal testimony of the doctor indicates a mere extension of the old injury, we are of the opinion that the facts indicate that a new injury occurred on July 30, 1968.

We have held that for a new injury to have occurred the basic indispensable ingredient of accident must exist.

"[A]n injury is caused 'by accident' when either the external cause or the resulting injury itself is unexpected or accidental." Paulley v. Industrial Comm'n, 91 Ariz. 266, 272, 371 P.2d 888, 893 (1962).

"[W]hen usual exertion leads to something actually breaking or letting go with an obvious sudden organic or structural change in the body the injury is accidental." Id., 91 Ariz. at 272, 371 P.2d at 892.

In the instant case petitioner experienced a sudden change in his arm when he attempted to lift a round of meat.

" * * * Friday, I was trying to lift a round off a hook, and I just felt my arm go limp, and I finished out the day, and I finished out Saturday and Sunday morning I couldn't move my arm again."

■ We have always recognized a distinction between "legal" and "medical" causation. A doctor testifies as to what

**582**

the medical cause of the injury is. His opinion of medical causation may differ or be unrelated to what the law prescribes as the legal cause of the injury. We stated in Tatman v. Provincial Homes, 94 Ariz. 165, 168, 382 P.2d 573, 575 (1963), quoting from Murray v. Industrial Comm'n, 87 Ariz. 190, 199, 349 P.2d 627, 633 (1960):

> "The difference in the medical and legal concept of cause results from the obvious differences in the basic problems and exigencies of the two professions in relation to causation. By reason of his training, the doctor is thinking in terms of a single, precise cause for a particular condition. The law, however, endeavors to reach an inference of reasonable medical certainty, from a given event or sequence of events, and recognizes more than one cause for a particular injurious result. In the law of torts, it is said that the tortfeasor is not entitled to a perfect specimen upon which to inflict injury. Likewise, in the field of Workmen's Compensation, the employer takes his employee as he is. *In legal contemplation, if an injury, operating on an existing bodily condition or predisposition, produces a further injurious result, that result is caused by the injury."* (Emphasis added.)

See also Continental Casualty Co. v. Industrial Comm'n, 104 Ariz. 499, 455 P.2d 977 (1969).

We hold that from the testimony there is substantial evidence to support the Industrial Commission's decision. Davis v. Industrial Comm'n, 2 Ariz.App. 148, 406 P.2d 866 (1965).

Awards of the Industrial Commission affirmed; opinion of the Court of Appeals, 15 Ariz.App. 594, 490 P.2d 39 (1971), vacated.

HAYS, C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.

CAMERON, Vice Chief Justice (dissenting):

I dissent.