571 P.2d 1064

**SUN CONTROL TILE COMPANY, and Continental Casualty Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Robert L. Jeffery, Respondent Employee.**

**No. 1 CA–IC 1676.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 22, 1977.

Jennings, Strouss & Salmon, Steven C. Lester, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Gorey, Delaney & Flood, John A. Flood, Jr., Phoenix, for respondent employee.

## OPINION

OGG, Judge.

In this case we must determine if the Arizona Industrial Commission had jurisdiction to enter an award on a back claim when the only claim filed related to a different injury.

On January 20, 1975, the respondent employee Robert L. Jeffery suffered an injury to his left knee while acting in the scope of his employment. The petitioner insurance carrier, Continental Casualty Company, paid him temporary compensation until October 3, 1975, when it issued a notice of claim status terminating the benefits effective the day the injury became stationary— September 16, 1975—and awarding the employee a 15% scheduled permanent disability. On October 27, 1975, the employee sent a letter to the Industrial Commission requesting a hearing to protest the termination of these benefits. Because this request did not comply with the rules of procedure, the Commission directed the employee to make a formal request for hearing.

On December 11, 1975, prior to the time the formal request for hearing was made, the employee sustained an injury to his back when he fell off a ladder at home while performing personal chores. He did not reinjure his knee at this time nor did he report this accident to his employer or insurance carrier.

On February 26, 1976, the employee made his formal request for a hearing. Although this request was made more than two months after he had fallen off the ladder the employee protested on the Industrial Commission's action of October 3, terminating compensation for his knee injury. He made no mention of the back injury.

At the hearing the employee conceded that he had no objection to the 15% disability determination. Instead, he argued that his back injury was an exacerbation of his knee injury because it resulted from a fall off a ladder when his knee had given out. Jeffery concluded that the original temporary benefits should have continued until the back injury became stationary. The hearing officer agreed with this contention and awarded benefits to the employee.

The carrier argues on this appeal that the Industrial Commission was without jurisdiction to award compensation benefits for the back injury. It contends that: 1) case law has established that the jurisdiction of the Industrial Commission can be invoked only by claims which follow the procedures set forth by statute; 2) the relevant statute, ARS § 23–947, authorizes a hearing only when the employee has previously filed an application for compensation relating to that injury; and 3) the claim filed by the employee related solely to the knee injury and no new claim was ever made for back injury benefits; thus the statutory requirements were not satisfied. Therefore, the pivotal issue for us to decide is whether the back injury constituted a new injury or whether it was included as part of the first injury.

A similar issue was raised in *Caganich v. Industrial Commission*, 108 Ariz. 580, 503 P.2d 801 (1972), in which a man working as a meat cutter injured his arm while attempting to lift a round of meat off a hook. He argued that his injury was merely an aggravation of a previous work-related injury to the same arm and he supported his contention with competent medical testimony. The Arizona Supreme Court held that a new injury occurs, regardless of whether it is linked to a previous condition, when an

event causes a worker to experience a "sudden change" in condition. In reaching this decision the *Caganich* court relied on *Paulley v. Industrial Commission*, 91 Ariz. 266, 371 P.2d 888 (1962), which stated:

"[A]n injury is caused 'by accident' when either the external cause or the resulting injury itself is unexpected or accidental." 91 Ariz. at 272, 371 P.2d at 893.

"[W]hen usual exertion leads to something actually breaking or letting go with an obvious sudden organic or structural change in the body the injury is accidental." 91 Ariz. at 272, 371 P.2d at 892.

We think *Caganich* requires us to find that in the present case the employee's back injury was a separate claim regardless of any medical testimony linking it to the knee injury. Here, an employee suffered an injury which became stationary. Two months later he experienced a "sudden change" of condition when he fell off a ladder and injured a *different* part of his body. Certainly if a second injury, medically linked to a previous injury to the same part of the body, is considered a new injury, so must a second injury to a different part of the body.

At the time of this second injury the employee should have filed a separate claim and at that time argued that because the back injury was caused by the industrial knee injury it was covered by workmen's compensation. We do not think it is sufficient to file a claim for one injury and then at the hearing argue the merits of a claim based on a second one.

In *Young v. Industrial Commission*, 19 Ariz.App. 304, 506 P.2d 1089 (1973), this court stated that the jurisdiction of the Industrial Commission can be invoked only through compliance with statutory procedures and in order for the Industrial Commission to gain jurisdiction *over a particular accident or claim*, a formal application for benefits must be filed. This holding is consistent with ARS §§ 23–947 and 1061A. In the present case, however, a formal application for benefits was not filed for the employee's back injury and we therefore hold that the Industrial Commission was without jurisdiction over that matter.

The employee's position is that even if the knee and back problems constitute different injuries, the claim filed was sufficient to give the carrier notice of the litigation. We cannot agree. First, as stated above, there is a statutory requirement that a formal application be made for each claim. This requirement cannot be ignored. *Collins v. Industrial Commission*, 102 Ariz. 509, 433 P.2d 801 (1967). Second, the claim filed did not give the carrier any notice of a back injury nor that it would be the subject of the litigation.

We think it would be violative of the most fundamental concepts of due process to allow a claimant to litigate an entirely new injury, even one which is a consequence of a previous injury, without giving the carrier meaningful notice. See *Saline v. Industrial Commission*, 16 Ariz.App. 204, 492 P.2d 453 (1972); *Best v. Industrial Commission*, 14 Ariz.App. 221, 482 P.2d 470 (1971).

Finally, it is important to note in the present case that we are not dealing with a situation in which the natural progression of an injury has resulted in additional problems. Also, we are not dealing with the situation presented in *Russell v. Industrial Commission*, 104 Ariz. 548, 456 P.2d 918 (1969) and *German v. Industrial Commission*, 12 Ariz.App. 301, 469 P.2d 867 (1970), wherein a request for hearing was held by the court to mean all matters which had occurred at the time of the request were open for determination at the hearing. Instead, we are dealing with a situation in which an employee is injured and files a claim; that employee suffers a second injury to a different part of the body and no claim is filed. Certainly the claim filed was insufficient to give notice of an entirely new injury to be considered at the hearing.

The award is set aside.

DONOFRIO and SCHROEDER, JJ., concur.