585 P.2d 1237

The HOWARD P. FOLEY COMPANY,
Petitioner Employer,

The Howard P. Foley Company,
Petitioner Carrier,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Rosalio S. Estrada, Respondent
Employee.

No. 1 CA–IC 1794.

Court of Appeals of Arizona,
Division 1,
Department C.

May 9, 1978.

Rehearing Denied June 21, 1978.

Review Denied Oct. 31, 1978.

Lewis & Roca by Merton E. Marks and R. Kent Klein, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

O'Meara, Michela, Brogna & Weber by Gerard R. O'Meara, Tucson, for respondent employee.

OPINION

Henry S. STEVENS, Judge, Retired.

The basic issue before the Court is whether A.R.S. § 23–1061(L), which reads as follows:

"Upon application to the commission, and for good cause shown, the commission may direct that a document filed as a claim for compensation benefits be designated as a petition to reopen, effective as of the original date of filing. In like manner upon application and good cause shown the commission may direct that a document filed as a petition to reopen be designated a claim for compensation benefits, effective as of the original date of filing."

can be applied by a hearing officer after the close of the evidentiary hearing and by so doing convert a claim for a new injury into a petition to reopen a prior injury. There is also an issue as to the sufficiency of the medical testimony.

Rosalio S. Estrada was employed by The Howard P. Foley Company from 6 November 1967 until he left that employment on 28 February 1974. Prior to his employment, in about 1961 due to a high school football injury to the left knee, the *medial* meniscus cartilage was surgically removed.

He did not appear to be handicapped thereby during his early employment by the Foley Company. During his employment, three dates become important. These dates are 24 April 1972; 10 November 1972 and approximately 1 November 1973.

Estrada injured his left knee on 24 April 1972. His industrial claim was accepted and he was attended by Charles P. Fina, M.D. In June, 1972 Dr. Fina removed the *lateral* meniscus cartilage and made no inspection of the knee relative to the medial meniscus cartilage which had been removed in the 1960's. This injury claim was closed with a 10% left leg scheduled disability.

On 10 November 1972 Estrada sustained another industrial injury to his left knee and his industrial claim was again accepted. After conservative care, this claim was closed in March, 1973 as a "no time lost claim."

In early November, 1973 he was having further knee problems. After a series of consultations with Dr. Fina, further surgery was performed on 23 May 1975 and we quote from the report thereof:

"DISCHARGE SUMMARY:

ICA patient with problem in his left knee. Had prior surgery 13 years ago and again 3 years ago, had a medial meniscectomy 13 years ago by Dr. Derickson and a lateral meniscectomy by myself 3 years ago. Having continued problems. Brought to the hospital and an exploration of his knee with removal of small regenerated lateral meniscus was carried out. However, he had a very large regenerated medial meniscus which was torn in his medial and posterior portions at the periphery. This was removed. Postoperatively, the patient has had modest pain.   *   *   * "

This report was included in the medical records filed with the Commission on 3 September 1976.

Estrada urged that the May, 1975 surgery and particularly the medial meniscus aspect thereof was not known and could not reasonably have been known until the May, 1975 surgery.

In the meantime and in 1973 he petitioned to reopen the April, 1972 injury claim. This was granted, processed, closed and a hearing was requested.

He petitioned to reopen the November, 1972 claim but withdrew that petition on 18 May 1976. He also filed a new claim in relation to the November, 1973 problems urging that the surgical discovery in May, 1975 permitted a late filing. There is not an issue as to late filing. On 30 June 1976 the hearing officer, following an informal conference with the attorneys, entered a memorandum outlining the two injury claim dates which would be considered. These were declared to be the October (April) 24, 1972 injury, subsequently reopened, terminated and followed by a timely request for a hearing; and the gradual injury claim for the November, 1973 date, the claim having been filed after the May, 1975 surgery as above stated.

The hearing was held 28 September 1976. The witnesses were Dr. Fina, Estrada and Estrada's father. The hearing officer asked for simultaneous memoranda which were filed on 10 November 1976. On 24 February 1977 the hearing officer entered his decision, findings and award. Therein he acknowledged that the November, 1972 injury claim was:

"not jurisdictionally before the hearing officer except that the applicant has requested that the claim of a new industrial injury filed 18 May 1976 be considered a PETITION TO REOPEN the November 10, 1972 industrial injury pursuant to A.R.S. § 23–1061L."

At the hearing there was extensive cross examination of Dr. Fina by counsel for Foley Company. He stated at the hearing an opinion not expressly set forth in his reports and notes that from an historic point of view, he was lead to the "almost inescapable conclusion" that the tearing of the regenerated medial meniscus cartilage (discovered in the May, 1975 surgery) occurred in November, 1972. It was established at the oral argument before this Court that this verbal testimony was the first knowl-

edge either party had as to this vital aspect of his medical opinion. The hearing officer apparently applied *Breidler v. The Industrial Commission of Arizona*, 94 Ariz. 258, 383 P.2d 177 (1963) by holding the medical opinion to be adequate and by disagreeing with Foley Company's contention that it was equivocal. Breidler holds that it is not the universal rule that every medical opinion must use the magic words "to a reasonable medical certainty."

The hearing officer held that there was good cause shown to utilize A.R.S. § 23–1061(L), and he applied the claim for compensation for gradual injury relative to November, 1973 as a petition to reopen the 10 November 1972 injury claim. He found an increased disability of 10% and applying *Rodgers v. The Industrial Commission of Arizona*, 109 Ariz. 216, 508 P.2d 46 (1973) held that Estrada sustained an unscheduled permanent partial disability.

■ Promptly and vigorously the Foley Company attacked the use of A.R.S. § 23–1061(L). Foley Company urges that to apply that section in a post hearing situation without requiring the compliance with A.R.S. § 23–1061(H) and ICA Rule 33 deprives the losing party of due process, the right to have the matter referred to the Commission as any other petition to reopen with supporting medical evidence, administrative consideration and hearing procedures. Foley Company does not suggest what evidence it wished to secure. The medical reports and testimony of Dr. Fina certainly supply the full medical picture as well as could a medical opinion in support of a petition to reopen. The fact that Foley Company attacked the sufficiency of Dr. Fina's testimony certainly indicates that if the case was referred to the Commission by the hearing officer for administrative processing there would be a notice of claim status denying the petition to reopen. The Foley Company did not suggest that it desired the privilege of presenting additional or rebuttal evidence or at least time to investigate the privilege. Other than the possible procedural formality, the Foley Company has failed to point out wherein it

has been prejudiced. The Foley Company urged the hearing officer to amend his award to increase the scheduled disability from 10% to 20%.

■ We do not find an abuse of discretion in the manner the hearing officer interpreted and applied Dr. Fina's testimony.

A.R.S. § 23–941(F)

"Except as otherwise provided in this section and rules or procedure established by the commission, the hearing officer is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice"

grants the hearing officer broad procedural discretion in conducting hearings.

A.R.S. § 23–943(A)

"The request for review of a hearing officer award need only state that the party requests a review of the award. The request may be accompanied by a memorandum of points and authorities, in which event any other interested party shall have fifteen days from the date of filing in which to respond. Failure to respond will not be deemed an admission against interest"

authorizes but does not require that requests for review specify the grounds urged. While specifics are not essential prerequisites to seeking court review, specifics, as in this case, are very helpful.

■ A.R.S. § 23–943(F)

"The presiding hearing officer may affirm, reverse, rescind, modify or supplement the award and make such disposition of the case as is determined to be appropriate. A decision upon review shall be made within sixty days after the review has been requested, with preference being given to those cases not receiving compensation"

grants very broad powers to hearing officers to revise and modify and to receive additional evidence. In the absence of a clear abuse of discretion this Court will not set aside an award by reason of the hearing officer's decision on a request for review.

328

We find that this case is distinguishable from this Court's opinion in *Sun Control Tile Company and Continental Casualty Company v. The Industrial Commission of Arizona*, 117 Ariz. 268, 571 P.2d 1064 (App. 1977). In that case, the employee had suffered an injury to his left knee while acting in the scope of his employment. Subsequently, he injured his back when the knee gave way while he was on a ladder. The employee never filed a claim in regard to the back injury but attempted to litigate the matter in hearings held in regard to the original knee injury. Since under the facts of that case the carrier had no notice of any kind of a back injury, the Court found that the request for hearing was insufficient to give notice of an entirely new injury.

The award is affirmed.

*WREN, Acting P. J.*, and *DONOFRIO, J.*, concur.