659 P.2d 1320

**PIMA COUNTY BOARD OF SUPERVISORS, Petitioner/Employer,**

**County of Pima, Petitioner/Carrier,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Darline Schultz, Respondent/Employee.**

**No. 1 CA–IC 2730.**

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 7, 1982.

Rehearing Denied Jan. 18, 1983.

Review Denied Feb. 23, 1983.

Everett, Bury & Moeller by J. Michael Moeller, Marshall Humphrey, III, Tucson, for petitioners.

James A. Overholt, Acting Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Rabinovitz & Dix by Charles G. Rehling, James Dix, Tucson, for respondent employee.

## OPINION

JACOBSON, Presiding Judge.

The sole issue raised by this review of an award of the Industrial Commission is whether the administrative law judge could legally apply A.R.S. § 23–1061(L)[1] by treating the claimant's petition to reopen as a new injury claim after the close of evidentiary hearings and decision, and if so, whether there was an abuse of discretion in doing so.

The original claim for benefits of respondent/claimant, Darline Schultz, for benefits arising out of an accident occurring on October 10, 1978, was accepted by the petitioner insurance carrier, County of Pima, and closed on December 16, 1978. On June 4, 1979, the claimant filed a petition to reopen the October 10, 1978 injury claim, which was denied by a notice of claim status. Following an untimely request for hearing, administrative hearings were held which resulted in a Decision upon Hearing and Findings and Award, by which the Administrative Law Judge excused the untimely request for hearing but denied the petition to reopen.

Following receipt of this decision, the claimant filed a request for review and "Motion Pursuant to A.R.S. § 23–1061(L)" whereby she requested that the denied petition to reopen be treated as a new injury claim. Pursuant to this request, the Administrative Law Judge scheduled hearings for taking additional evidence for August 28, 1981. Prior to the scheduled hearings, an informal conference between counsel and the Administrative Law Judge was held, at which time the Administrative Law Judge indicated that the purpose of the August 28, 1981, hearing was to determine the compensability of certain work activities of the claimant which occurred in January, 1979 and which formed the basis of claimant's request for relief under A.R.S. § 23–1061(L). The counsel for petitioner carrier objected to the purposes of the August 28, 1981 hearing, but agreed that if the Administrative Law Judge treated claimant's petition to reopen as a new injury claim, the compensability of that new injury could be determined on the basis of the evidence previously presented.

No evidence was presented at the August 28, 1981 hearing and on August 31, 1981, an award was issued awarding the claimant benefits for a new injury with the dispositive finding that:

9. The evidence establishes that the applicant sustained an injury by accident arising out of and occurring in the course of and the scope of her employment with the defendant employer herein in January, 1979.

Petitioners have sought review of that award in this court.

The facts are not in material dispute. The claimant was originally injured on August 22, 1978 while driving a truck for the Animal Control Center. She was treated and released. On October 10, 1978, she was again involved in a truck accident when she was rear-ended by another vehicle. Her claim for benefits arising from these inci-

---

1. A.R.S. § 23–1061(L) provides:

Upon application to the commission, and for good cause shown, the commission may direct that a document filed as a claim for compensation benefits be designated as a petition to reopen, effective as of the original date of filing. In like manner upon application and good cause shown the commission may direct that a document filed as a petition to reopen be designated a claim for compensation benefits, effective as of the original date of filing.

dents was accepted by the petitioner/carrier. Conservative treatment was undertaken for these injuries by Dr. Charles H. Sawyer. The claimant returned to work and by November 22, 1978, the claimant indicated that she had "recovered from the back and neck injuries received in the accident . . . on October 10, 1978."

On May 17, 1979, claimant came under the care of Dr. Robert E. Goldfarb, a board-certified specialist in the field of neurosurgery. Dr. Goldfarb diagnosed a herniated intervertebral disk in her low back and on May 20, 1979, performed a lumbar laminectomy. Dr. Goldfarb obtained a history from claimant which included the August 22, 1978 and October 10, 1978 accidents together with an incident occurring in January, 1979, when the claimant, while employed by the petitioner/employer, had an onset of severe low back pain following the pulling of some heavy hoses.

At the hearing, Dr. Goldfarb testified, based upon a hypothetical question that supposed that the claimant was basically symptom free in September, 1978, following the August, 1978 incident and that her symptoms came on immediately after the accident of October 10, 1978, "then it would be my conclusion that the accident of October 10, 1978 caused a herniated nucleus pulposus for which I did a laminectomy." On cross-examination, again on the basis of a hypothetical question which included as a fact that as of November 22, 1978, the claimant was asymptomatic and that her low back symptomology did not come on until January, 1979, Dr. Goldfarb testified:

> My opinion is that if the patient had no symptoms during the interim, which were no different than she had had for a period of some ten years, then it may have very well been the hose pulling incident which triggered the herniated disk for which she underwent surgery.

This testimony formed the basis of the award finding a new compensable injury.

■ Petitioner's first contention is that A.R.S. § 23–1061(L) may not be applied after a decision on the original application (be that a new injury claim or a reopening) has been made. The only argument made in support of this contention is that this court's decision in *Howard P. Foley Co. v. Industrial Commission,* 120 Ariz. 325, 585 P.2d 1237 (App.1978), does not authorize such a late request for relief under the statute. We disagree.

The statute itself is silent as to any limitations on its application. Moreover, this statute appears to be the legislature's answer to the continuing problem facing second injury claimants—is the claimant's present condition causally related to a previously closed industrial injury (making reopening the proper remedy) or is it the result of a new injury (making a new injury claim the proper remedy)? Closely associated with this dilemma is the problem of whether the "new injury" is in fact an injury at all or merely an exacerbation of the previous industrial injury. Normally, the answer to these questions can only be determined after a full evidentiary hearing. The legislature's relief to the prejudice created by the claimant who has initially chosen the wrong remedy, was A.R.S. § 12–1061(L)—upon good cause shown, the claimant is permitted to amend his claim for relief so as to afford the worker a proper remedy.

Since, in our opinion, the proper remedy may only appear after an evidentiary hearing, the fact that that evidentiary hearing culminates in an award, does not per se prohibit the application of the statute.[2] Our reading of *Howard P. Foley Co. v. Industrial Commission, supra,* is consistent with this result.

---

2. In fact, it may not be until a decision is rendered that the claimant is aware he should have filed a new injury claim rather than a reopening or vice versa. This case is illustrative. Here the claimant, based upon what was perceived to be the factual symptomology, medically proved a reopening. Based upon different factual symptomology, a new injury was medically indicated. Until the Administrative Law Judge resolved the factual dispute, the decision as to whether claimant's laminectomy was the result of the prior industrial injury or a new industrial injury could have gone either way.

178

Petitioner's second argument raises more serious issues, that is, does the Administrative Law Judge abuse his discretion in allowing application of A.R.S. § 23–1061(L) so late in the game? The abuse of discretion urged is the prejudice flowing to the carrier who is prepared to defend one type of claim and is faced with an award based upon a new theory. This consideration is not inconsequential. In this regard we note that A.R.S. § 23–1061(L) specifically provides that the application for relief under this statute may only be granted "for good cause shown." Inherent in a showing of good cause, must be consideration by the Administrative Law Judge of the prejudice that will flow to a party opposing that application.

While we do not even attempt to list the many factual situations which might arise and which would constitute such prejudice that the application for relief should be denied, one immediately jumps to mind. If between the previous injury and the new injury, the claimant changes employers, or the employer changes insurance carriers, prejudice to non-parties obviously occurs. Moreover, it may be an abuse of discretion to allow relief under A.R.S. § 23–1061(L), without conditioning that relief upon granting further evidentiary hearings, to allow the opposing party to fully litigate both factually and medically the new theory being presented.

In this case, such safeguards were honored. The parties to both injuries were the same. The parties were granted full opportunity to completely litigate the new theory presented by the application of A.R.S. § 23–1061(L) and upon reflection, declined that invitation.

The real prejudice perceived by the petitioner is that the defenses previously available to a carrier whereby recovery could be defeated by proving that a reopening claim was really a new injury claim or that a new injury claim was really an exacerbation of an old injury, is abrogated by application of the statute after decision. We agree that A.R.S. § 23–1061(L) has destroyed this type of defense. We assume the legislature knew what it was doing.

For the foregoing reasons, the award is affirmed.

CONTRERAS and BROOKS, JJ., concur.