## Edwin Merrill v. Town of Ludlow

[514 A.2d 1050]

No. 83-480

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed June 27, 1986

*John J. Welch, Jr.*, Rutland, for Plaintiff-Appellee.

*Robert G. Cain* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant-Appellant.

**Hill, J.** This is an appeal by the Town of Ludlow (Town) from a decision of the Commissioner of Labor and Industry (Commis-

sioner) awarding claimant Edwin Merrill disability benefits for injuries sustained in the course of his employment. Claimant cross-appeals the amount of the award, and requests that interest and costs, including reasonable attorney's fee, be assessed pursuant to 21 V.S.A. § 678. We affirm the Commissioner's order as to the Town's appeal, and grant claimant's cross-appeal.

Claimant was injured on February 13, 1981, when the truck he was driving skidded on an icy road and overturned. The Town conceded that claimant was injured in the course of his employment, and it agreed to pay claimant $169.68 weekly in temporary total disability beginning February 17, 1981.

On July 1, 1981, the Town discontinued payments on the grounds that claimant had made a complete recovery. Claimant filed a notice for hearing with the Department of Labor and Industry, contending that he was entitled to additional temporary total disability due to a thoracic spinal injury suffered in the accident. A number of physicians examined claimant during the course of prehearing discovery, and rendered conflicting diagnoses of his condition. During a deposition taken the day before the final hearing, one of defendant's expert witnesses opined that claimant's physical problems could be attributable to a psychological disorder—an unmasked hysteria.

At the final hearing held on August 26, 1982, claimant moved to amend his petition to include claims for physchological and emotional, as well as physical, injuries sustained in the accident. Over the Town's objections, the hearing officer permitted the amendment, and established a six-week period for additional discovery concerning claimant's hysteria theory. During this period, claimant deposed a psychiatrist who had examined claimant and corroborated this theory. The psychiatrist attributed claimant's physical problems to the accident, testifying that the accident unmasked a preexisting hysterical condition. The Town introduced no evidence to rebut the doctor's testimony, choosing instead to rely on cross-examination to undermine his credibility.

The hearing officer found that claimant had sustained his burden of proof on his hysteria theory, and concluded that he was entitled to temporary total disability benefits for injuries sustained in the accident. The hearing officer further concluded, however, that claimant reached a medical end result on July 1, 1981, as no further medical treatment was advised or provided, and she upheld the Town's initial decision to terminate benefits

on that date. Accordingly, the hearing officer awarded claimant temporary total disability benefits beginning September 13, 1982, the day claimant's expert diagnosed his psychological disorder.

According to the Town, the hearing officer committed reversible error when she allowed claimant to amend his petition on the day of the final hearing. We disagree.

21 V.S.A. § 656 states, in pertinent part:

> A proceeding under the provisions of this chapter for compensation shall not be maintained unless a notice of the injury has been given to the employer as soon as practicable after the happening thereof, and unless a claim for compensation with respect to an injury has been made within six months after the date of the injury . . . . If payments of compensation have been made voluntarily, the making of a claim within such period shall not be required.

The Town voluntarily made payments of compensation from February 17, 1981, until July 1, 1981. Thus, the six-month notice rule is inapplicable, and the Town's claim reduces to whether, by permitting the amendment, the hearing officer violated concepts of fundamental fairness and the Town's asserted due process right to notice of the claim asserted.

This is not a case where a single work-related injury subsequently causes a separate and distinct injury that the employer has no notice of. See, e.g., *Sun Control Tile Co.* v. *Industrial Commission,* 117 Ariz. 268, 270, 571 P.2d 1064, 1066 (1977) (court disallowed amendment asserting subsequent injury on the theory that "it would be violative of the most fundamental concepts of due process to allow a claimant to litigate an entirely new injury, even one which is a consequence of a previous injury, without giving the carrier meaningful notice"). In this case, there were conflicting diagnoses for a single work-related injury. Although the claimant originally attributed his pain to thoracic disc trouble, those symptoms proved to be equally consistent with an unmasked hysteria diagnosis. The "unmasked hysteria" diagnosis on which claimant ultimately relied was not reasonably discoverable or apparent until shortly before the final hearing, and it was within the hearing officer's discretion to permit the amendment. Cf. *Hartman* v. *Ouellette Plumbing & Heating Corp.,* 146 Vt. 443, 507 A.2d 952 (1985) (adopting "reasonably discoverable and apparent" standard for purposes of computing when statute of

limitations begins to run in workers' compensation cases); see also 21 V.S.A. § 604 ("The commissioner shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure except as provided in this chapter, but he may make such investigation or inquiry or conduct such hearing or trial in such manner as to ascertain the substantial rights of the parties.").

The Town's contention that it was denied a reasonable opportunity to rebut claimant's amended claim is without merit. The hearing officer gave both parties ample time to investigate claimant's "unmasked hysteria" claim. The Town neither objected to the six-week time frame provided, nor asked for a continuance below. Therefore, it is precluded from claiming prejudice on appeal. See *Meacham* v. *Kawasaki Motors Corp.*, 139 Vt. 44, 46-47, 421 A.2d 1299, 1301 (1980).

The Town next challenges the hearing officer's authority to award benefits after she had concluded that claimant had reached a medical "end result." Claimant counters by arguing that the hearing officer erroneously concluded he was not entitled to benefits from July 1, 1981, when the Town discontinued payments, until September 13, 1982, when claimant's expert diagnosed his hysterical condition, because he was not being treated for his injuries. We agree with the claimant.

The hearing officer's conclusion that claimant reached a medical "end result" is inconsistent with the finding that claimant's back problems were attributable to the truck accident and have continued since. This finding is not challenged on appeal. The officer's conclusion is also wrong as a matter of law as it was based solely on the finding that claimant did not receive treatment for his injuries from July 1, 1981, until September 13, 1982.

The question for determination is whether a work-related injury has caused "total disability for work" within the meaning of 21 V.S.A. § 642. "This involves consideration of not only physical injury, but also of other factors restricting the claimant's capacity to obtain work." *Bishop* v. *Town of Barre*, 140 Vt. 564, 571, 442 A.2d 50, 53 (1982). "Temporary as distinguished from permanent disability is a condition of reduced earning power that exists until the injured workman is as far restored as the permanent character of his injuries will permit. It is measured by the duration of the healing period." *Orvis* v. *Hutchins*, 123 Vt. 18, 24, 179 A.2d 470, 474 (1962). Facts regarding treatment may be rele-

vant to this inquiry; however, they are not necessarily dispositive. The Town did not allege, nor did the hearing officer find, that claimant's recovery process had ended or that he had achieved the maximum possible restoration of his earning power. These are the determining factors in the medical "end result" analysis. *Bishop, supra*, 140 Vt. at 571, 442 A.2d at 53. In sum, although claimant's injury went undiagnosed and untreated from July 1, 1981 until September 13, 1982, his back pain persisted and he remained incapacitated for work. He is therefore entitled to benefits from July 1, 1981.

■ Finally, claimant requests this Court to award him reasonable attorney's fees, interest, and costs. Fees and interest are properly assessed in accordance with 21 V.S.A. § 678. Accordingly, the Town is adjudged liable to claimant for temporary total disability benefits dating from July 1, 1981, interest to be assessed at a rate of 12% per annum from the date of the hearing officer's decision together with the reasonable attorney's fee requested by claimant's counsel. Appellant shall bear costs on appeal in accordance with V.R.A.P. 39.

*The Commissioner's decision is affirmed in part and reversed in part; cause remanded to the Commissioner for computation of damages in accordance with this opinion.*