NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

ELSA M. VALIENTE,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent*,

RESIDENCE INN,
*Respondent Employer*,

TRAVELERS CASUALTY & SURETY COMPANY,
*Respondent Carrier*.

No. 1 CA-IC 16-0069
FILED 10-5-2017

Special Action - Industrial Commission
ICA No. 20142-180298
INSCA No. 127-CB-EYC2091-J
The Honorable J. Matthew Powell, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Elsa M. Valiente, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

Lester, Norton & Brozina, PC, Phoenix
By Rachel P. Brozina
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Margaret H. Downie joined.

---

**B R O W N**, Judge:

**¶1**        Elsa Valiente seeks review of a decision denying her petition to reopen her workers' compensation claim.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Valiente was working as a laundry attendant at a hotel (Residence Inn by Marriott) in July 2014 when a piece of furniture fell from a shelf, striking her on the head.  The employer's insurance carrier issued a notice of claim status accepting the claim but "limit[ed] liability to neck sprain only."  Valiente filed a timely request for hearing, contesting the limitation of liability and asserting she had sustained "injury to multiple body parts," including her head, shoulder, back, and leg.

**¶3**        In January 2015, Valiente's treating physician, Dr. Sanjay Patel, requested approval from the carrier to order an MRI of Valiente's right shoulder and lumbar spine due to her persistent complaints of pain in those regions.  At the request of the carrier, Drs. Leo Kahn, Jon Zoltan, and Atul Patel conducted an independent medical evaluation ("IME") of Valiente.  In their IME report, the doctors concluded that Dr. S. Patel's requested imaging was unnecessary and stated that, "[f]rom an orthopedic, physical medicine, and neurological perspective[, they did] not identify the need for any further active medical treatment, chiropractic treatment, or surgical intervention as it relates to the 07/27/14 industrial injury."  As a result, the carrier issued a notice of claim status terminating temporary compensation and medical benefits effective February 23, 2015.

2

¶4 Valiente filed another timely request for hearing, asserting that her condition was not medically stationary or, alternatively, that it resulted in a permanent disability requiring supportive care. Dr. S. Patel ordered an MRI of Valiente's left shoulder, which revealed a partial-thickness rotator cuff tear. Dr. S. Patel disagreed with Dr. Zoltan's assessment. Dr. Zoltan submitted an addendum to his initial IME, stating that his previous opinion regarding the industrial injury remained unchanged and that he found the "degenerative changes" found in Valiente's shoulder MRI to be "consistent with the natural degeneration of the soft tissue" and were not caused or exacerbated by the industrial accident.

¶5 Following evidentiary hearings, the Administrative Law Judge ("ALJ") issued a decision on November 10, 2015, finding that as a result of the industrial injury, Valiente had "sustained a scalp contusion and abrasion, and a sprain of the soft tissue of the cervical spine and left trapezius and parascapular muscles." The ALJ also determined there was no "specific injury or trauma to the left shoulder." The ALJ awarded Valiente medical benefits and temporary benefits "as provided for by law" from the date of the injury through May 20, 2015, concluding that her industrial injury was "medically stationary without permanent impairment."

¶6 On December 9, 2015, Valiente filed a petition to reopen and request for hearing. At a subsequent hearing, she testified that the pain in her left shoulder had increased and she needed additional medical care. The ALJ denied the petition to reopen as well as the subsequent request for review. This timely petition for special action followed.

## DISCUSSION

¶7 We will not set aside an ALJ's decision on a request for review unless there is a clear abuse of discretion. *Howard P. Foley Co. v. Indus. Comm'n*, 120 Ariz. 325, 327 (App. 1978). We defer to the ALJ's factual findings, but review questions of law *de novo. Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). Further, we defer to the ALJ's resolution of conflicts in the evidence. *Henderson-Jones v. Indus. Comm'n*, 233 Ariz. 188, 191, ¶ 9 (App. 2013).

¶8 To prevail on a petition to reopen, Valiente had the burden of "showing a new, additional, or previously undiscovered condition and a causal relationship between that new condition and the prior industrial injury." *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105-06, ¶ 17 (App. 2002)

(citing Ariz. Rev. Stat. ("A.R.S.") section 23–1061(H)). During the hearing on the petition to reopen, Valiente testified that her shoulder pain had increased since the May 2015 determination. Valiente also submitted a report by Dr. Charles Creasman, which noted that her March 2015 MRI "demonstrate[d] partial-thickness/near full-thickness tear of the supraspinatus tendon." Dr. Creasman also reported that a new MRI conducted in March 2016 demonstrated a "full-thickness tear," suggesting Valiente's "condition ha[d] progressed even further."

¶9 Given that evidence, Valiente asserts that the employer should be held responsible to pay for surgery to repair her left shoulder, and that she should be compensated based on her inability to return to work. Valiente's shoulder condition, however, was previously litigated; the ALJ determined it was not causally related to the industrial injury. In the November 2015 award, the ALJ weighed the evidence and testimony presented by both Dr. S. Patel and Dr. Zoltan and ultimately adopted Dr. Zoltan's assessment, finding there was "no sign of specific injury or trauma to the left shoulder" caused by the industrial accident. Valiente did not challenge the ALJ's November 2015 award by seeking review in this court, which means that decision is final. *See* A.R.S. § 23–1061(H) ("A claim shall not be reopened if the initial claim for compensation was previously denied by a notice of claim status or determination by the commission and the notice or determination was allowed to become final . . . ."); *Perry v. Indus. Comm'n*, 154 Ariz. 226, 228 (App. 1987) (recognizing, in the context of a petition to reopen, that "finality principles preclude relitigation of issues that were or that could have been determined when the claim was closed").

¶10 Moreover, the ALJ considered the new medical evidence submitted by both parties and found it was "consistent with the previous legal determination" that the industrial incident did not cause or contribute to Valiente's shoulder injury. The ALJ's finding on this point is supported by Dr. Zoltan's April 13, 2016 report, which noted the "opinions previously expressed remain without change." He recognized that the MRI findings revealed a natural progression of degeneration and rotator cuff tears, but found no correlation between the findings and the industrial injury. Because Valiente failed to establish the existence of a new, additional, or previously undiscovered condition that would justify reopening her claim, we find no abuse of discretion.

## CONCLUSION

¶11      For the foregoing reasons, we affirm the ALJ's decision denying Valiente's request to reopen.



AMY M. WOOD • Clerk of the Court
FILED:  AA