NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JERALD FRANZMEIER, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CITY OF TOLLESON, *Respondent Employer*,

AZ MUNICIPAL RISK RETENTION POOL, *Respondent Insurance Carrier.*

No. 1 CA-IC 23-0013
No. 1 CA-IC 23-0037
(Consolidated)

FILED 09-26-2024

Special Action - Industrial Commission
ICA Claim No. 20221310329
No. 20223530340
Carrier Claim No. BLCM WC 000000471892
No. BLCM WC 000000471855
The Honorable Kenneth Joseph Hill, Administrative Law Judge

**AWARDS AFFIRMED**

APPEARANCES

Jerald Franzmeier, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix
By Stephen C. Baker
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Michael J. Brown and Judge Daniel J. Kiley joined.

---

**W I L L I A M S**, Judge:

**¶1**      These consolidated appeals arise from Jerald Franzmeier's claims for benefits premised on his belief that he suffered a compensable industrial injury by contracting "long COVID" while working as a firefighter. The Industrial Commission of Arizona ("ICA") denied both claims. Because Franzmeier failed to meet his burden of establishing medical causation, a necessary element of his claims, we affirm the ICA's awards.

**FACTS AND PROCEDURAL HISTORY**

**¶2**      Viewing the evidence in the light most favorable to sustaining the ICA's award, *Special Fund Div. v. Indus. Comm'n*, 252 Ariz. 267, 269, ¶ 6 (App. 2021), the record reflects the following.

**¶3**      For nearly two decades, Franzmeier worked as a paramedic and firefighter for the City of Tolleson ("City"). On August 18, 2020, he flew home to Arizona after visiting family in Maryland. The next day, he returned to work for a 48-hour shift, working closely with others at the fire station. On August 21, a co-worker tested positive for COVID-19. Five days later, Franzmeier tested positive. For the next ten days, Franzmeier quarantined at home before returning to work without incident. He experienced mild symptoms but never sought medical attention.

**¶4**      More than a year later, while fighting a fire in November 2021, Franzmeier experienced a "sudden alteration in [his] mental status" that left him confused and disorientated, and caused him to hallucinate. He was

taken off duty and evaluated by a psychiatrist, who diagnosed him with post-traumatic stress disorder ("PTSD"). Franzmeier believed his PTSD and other mental health symptoms resulted from "long COVID" or a post-COVID condition. He also believed he contracted the COVID-19 virus in August 2020 while at work and not during his earlier travels to and from Maryland.

**¶5**        In May 2022, Franzmeier filed a Worker's Report of Injury describing the cause of his injury as "[b]odily exposure to COVID-19," and the injury itself as an "[i]nternal body infection" that injured his "[b]rain & immune system." He listed his date of injury as August 21, 2020.

**¶6**        In August 2022, a retired Phoenix Fire Chief reviewed Franzmeier's file for the City and opined that nothing connected Franzmeier's PTSD diagnosis to COVID-19. The City and the Arizona Municipal Risk Retention Pool (collectively, "the Respondents") denied Franzmeier's claim. Franzmeier timely requested a hearing before the ICA, which was initially scheduled for November 2022.

**¶7**        In the weeks before the scheduled hearing, Franzmeier submitted several documents as exhibits, including articles and information about how the COVID-19 virus is transmitted, airline protocols, and the infection rate for first responders. Both parties prepared to call lay witnesses (presumably to address the likelihood of contracting the virus at the fire station). The Respondents also prepared to call Dr. Marc Lee to opine about "whether or not [Franzmeier] contracted Covid-19 at work."

**¶8**        The week before the scheduled hearing, Franzmeier's wife checked him into an inpatient care facility for PTSD. Consequently, the ICA hearing was postponed to February 2023.

**¶9**        In late December 2022, Franzmeier filed a second Worker's Report of Injury, this time describing his injury as "[c]ognitive impairment" arising from the November 2021 event. He reported the date of injury as November 14, 2021, rather than the August 21, 2020 date he had listed in his first claim. Seemingly because Franzmeier reported different injury dates, the Respondents assigned a separate claim number to his December 2022 claim and treated it separately from his May 2022 claim.

**¶10**        In any event, the Respondents summarily denied the December 2022 claim, and Franzmeier requested a hearing. Instead of consolidating the two claims and holding a single hearing, the ICA set a hearing date in June 2023 to address the December 2022 claim, while

keeping the already scheduled February 2023 hearing to address the May 2022 claim.

¶11     Meanwhile, in preparation for the February 2023 hearing, neurologist Dr. Leo Kahn performed an independent medical examination of Franzmeier at the Respondents' request. Dr. Kahn physically examined Franzmeier and reviewed the available records, including medical records. Dr. Kahn acknowledged Franzmeier's underlying psychological condition but concluded that no objective evidence supported Franzmeier's claim that he sustained a neurological injury from contracting COVID-19 in 2020.

¶12     At the outset of the February 2023 hearing, the ICA Administrative Law Judge ("ALJ") identified the contested claim as an alleged industrial injury that occurred on August 21, 2020, and framed the issue for the hearing as the compensability of that injury. Both parties concurred with the ALJ's summation.

¶13     Franzmeier represented himself and, outside of his own testimony, called no witnesses. When asked why he had not requested a medical expert to testify on his behalf, Franzmeier responded, "I believe that the -- the incident speaks for itself as -- as far as -- as mathematical possibilities." Franzmeier then testified that he believed he contracted the virus in August 2020 while at work, not while traveling to or from Maryland. In describing the injury he suffered, he recounted his PTSD symptoms and other cognitive events experienced in November 2021 and the months that followed. The ALJ asked Franzmeier whether he was asserting a claim that COVID-19 caused his mental health issues. Franzmeier testified that he had undergone an MRI that suggested "the possibility of a COVID claim because of COVID exposures," and further stated that the flashback he experienced in November 2021 "could be an exacerbation of COVID." But when the ALJ pressed whether *any* doctor had opined that COVID-19 *caused* his PTSD symptoms, Franzmeier admitted that none had. Franzmeier concluded his testimony by asserting that during the relevant "14-day incubation period," he had worked and slept for 304 hours (out of the 336 total hours), which he claimed established only a 10% probability that he became infected outside of work.

¶14     The Respondents called Dr. Lee, who opined that Franzmeier probably contracted the virus during his trip to Maryland, despite Franzmeier's attempts at mitigation (mask and glove wearing), because "the airport environment" presented a very high likelihood of exposure. The Respondents also raised an affirmative defense that Franzmeier failed

to timely bring his claim within the requisite one year from the date of injury. Both parties filed written closing arguments.

¶15 The ALJ denied the claim as procedurally barred, finding Franzmeier believed he had contracted COVID-19 from a work-related exposure by September 12, 2020, yet failed to file a claim within the one-year statute of limitations. A.R.S. § 23-1061(A). In making this finding, the ALJ reasoned that the "subsequent manifestation" of symptoms that Franzmeier traced back to his COVID-19 infection did "not reset the deadline for filing a claim." Alternatively, the ALJ found that Franzmeier failed to establish a compensable industrial injury, having offered no evidence of medical causation through medical opinion.

¶16 Meanwhile, days before the ALJ's ruling issued, Franzmeier requested postponement of the June 2023 hearing scheduled to address the December 2022 claim. A different ALJ was assigned, who kept the June 2023 hearing date in place but scheduled it for a "prehearing conference" to discuss the postponement request. The prehearing conference apparently took place off-the-record because no transcripts are included in the appellate record.[1]

¶17 The second ALJ then wrote a letter to the parties stating: "Pursuant to our June 5, 2023 conference, Mr. Franzmeier described his alleged November 14, 2021 brain injury as a 'sequelae' of COVID-19, which he claimed to have contracted at work in [the May 2022 claim]." The letter also noted that Franzmeier's claim for a mental injury was addressed in the award denying the May 2022 claim, stating "the onset of COVID-19 sequela—specifically the 'alteration in mental status' occurring in November 2021—is not a basis for a 'new' claim under the facts present here." The ALJ allowed Franzmeier to file a memorandum "providing the basis of his claim for a November 14, 2021 date of injury."

¶18 Franzmeier submitted a memorandum, arguing, among other things, that the Respondents wrongly bifurcated his claim to obscure the scope of his injury and that the award denying the May 2022 claim was

---

[1] We have criticized the practice of off-the-record conferences. *B & B Holdings v. Indus. Comm'n*, 1 CA-IC 20-0051, 2021 WL 4958843, at *2–4, ¶¶ 7, 18–19 (Ariz. App. Oct. 26, 2021) (mem. decision) (award set aside "because there [wa]s no record by which to evaluate any decisions made at the unrecorded status conference.").

erroneous. After the Respondents also filed a memorandum, the ALJ issued an order setting another conference date, which Franzmeier failed to attend.

¶19            The second ALJ then issued an award dismissing the December 2022 claim. In so doing, the ALJ summarized Franzmeier's statements at the off-the-record prehearing conference in June 2023. According to the ALJ, Franzmeier stated that in January 2022, his primary care physician told him that the radiographic evidence "suggested lesions on his brain that could have been caused by COVID-19." A few months after his primary care physician relayed that information, Franzmeier filed the report of injury that became the May 2022 claim. Franzmeier also apparently emphasized that "ongoing and evolving Covid research is showing" that a brain injury "can be and is related to a Covid-19 infection." Relying on these statements, the ALJ concluded that Franzmeier predicated his December 2022 claim upon his purported contraction of COVID-19 while at work. Because Franzmeier claimed to have contracted COVID-19 at work as part of his May 2022 claim, which was denied, the ALJ concluded that he was precluded from pursuing the second claim based, in substantial part, on the same assertion.

¶20            Franzmeier timely requested review of both awards, which the ALJs summarily affirmed. These consolidated statutory special action reviews followed.

## DISCUSSION

¶21            When reviewing findings and awards of the ICA, we consider the evidence in the light most favorable to upholding the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). We will uphold the ALJ's findings if reasonably supported by substantial evidence. *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 216 (1968).

¶22            Franzmeier had the burden of proving the material elements of his claims by a preponderance of the evidence. *Brooks v. Indus. Comm'n*, 24 Ariz. App. 395, 399 (1975). This court will affirm an award based on any reasonable theory of the evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

¶23            Our review of the record reveals that Franzmeier only ever claimed one injury, a mental injury, from his COVID-19 infection. The ALJ found Franzmeier credibly testified that his mental injury first manifested on November 14, 2021. Record evidence supports that finding. As such, the ALJ erred in concluding that Franzmeier did not timely file his May 2022 claim, which was filed only six months after Franzmeier's November 2021

injury. However, Franzmeier offered no competent evidence showing, with a reasonable degree of medical probability, that his COVID-19 infection contributed to his mental injury.

**¶24** "If the result of an industrial accident is not clearly apparent to a layman, then the causal relationship of the accident to the physical or mental condition complained of *must* be established by *expert medical testimony*." *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 505 (1987) (emphasis added). This standard is met by showing to a reasonable medical probability that a particular work-related event was a contributing cause of an industrial injury. *Caganich v. Indus. Comm'n*, 108 Ariz. 580, 582 (1972). Thus, Franzmeier needed to offer medical expert opinion evidence linking his mental injury to his employment, but he offered none. Instead, he testified to what his doctors told him, that there was "the possibility of a COVID claim," but his testimony made clear that these opinions were speculative. The Respondents presented the only competent medical evidence on causation through Dr. Lee, who opined that Franzmeier was probably infected during his cross-country trip.

**¶25** Thus, regardless of any errors by the ICA in the handling of Franzmeier's claims, including the ALJ's conclusion that the May 2022 claim was untimely, Franzmeier did not sustain his burden of proving medical causation. On this record, any ICA errors were harmless.

## CONCLUSION

**¶26** We affirm the awards.[2]



AMY M. WOOD • Clerk of the Court
FILED: AGFV

---

[2] On its own motion, this court strikes Petitioner's memorandum of case facts filed September 22, 2024, from the record, and denies all other pending motions and requests for relief.